(December 23, 1897.)

## GORDON v. CONOR.

[51 Pac. 747.]

DISQUALIFIED JUDGE—CHANGE OF VENUE.—When the district judge is disqualified from acting as a judge in a case pending in his court, and a motion for a change of venue is made by either party to the action, on the ground of such disqualification, it is the duty of such judge to grant a change of venue, and such duty is mandatory, and not discretionary.

PRACTICE ON MOTION FOR CHANGE OF VENUE—JUDICIAL DISCRETION.— A judge who is disqualified from acting as judge on the trial of a cause pending before the court of which he is judge, is also disqualified from acting upon any preliminary motion calling for the exercise of judicial discretion in such action.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

Hugh E. McElroy, Frank Martin, Bamford A. Robb, D. D. Williams, and Wood & Wilson, for Appellants.

When a judge has been attorney and counsel for either party in the action or proceeding, he is disqualified to act except in the arrangement of the calendar, the regulation of the order of business, and the power of transferring the cause to another county. (Idaho Rev. Stats., sec. 3900.) When the judge is disqualified, the transfer must be made, on application therefor. This requirement is unqualified. The court has no discretion. (Idaho Rev. Stats., sec. 4126.) The disqualification of the court is conceded. Defendants first informally suggested it, and the court declined to proceed in the cause. The court made a formal declaration of the fact. The trial judge knew better than anyone else whether or not he was disqualified. (*Table Mountain etc. Min. Co. v. Waller's Defeat etc. Min. Co.,* 4 Nev. 222, 97 Am. Dec. 526; *Miller v. McCord,* 70 Cal. 646, 11 Pac. 798; *Slaven v. Wheeler,* 58 Tex. 23; *East Rome Town Co. v. Cothran,* 81 Ga. 368, 8 S. E. 737; *Curtis v. Wilcox,* 74 Mich. 69, 41 N. W. 863; *Newcome v. Light,* 58 Tex. 141, 44 Am. Rep. 604; *Moses v. Julian,* 45 N. H. 52, 84 Am. Dec. 123.) Where a judge is disqualified he has no authority to retain the case in his court for nonaction. The law

imposes on him a single duty in regard to it, and that is to order the case to be transferred. Other than the duties imposed by the code, he has no discretion in the case. (*Livermore v. Brundage,* 64 Cal. 299, 30 Pac. 848; *Krumdick v. Crump,* 98 Cal. 117, 32 Pac. 800.) The affidavit filed by defendants tending to show the convenience of witnesses raises no issue whatever and should not have been entertained by the court. Acts of a judge, involving the exercise of judicial discretion, in a case where he is disqualified from acting, are not voidable, only, but void. (*Frevert v. Swift,* 19 Nev. 363, 11 Pac. 273.)

Wyman & Wyman and W. E. Borah, for Respondents.

As a matter of law, the statute does not disqualify the judge unless he has been the attorney for one of the parties in that action. The statute is as follows: "Sec. 3900. A judge cannot act as such in any of the following cases: . . . . 3. When he has been attorney or counsel for either party in the action or proceeding." The language is "in the action or proceeding," and it is submitted that these words admit of but one interpretation. The employment must have been in the action, and not as to some matter prior to it, and where the statute works a disqualification when the judge has been employed in the action or proceeding, it means where he has been one of the attorneys in the judicial action or judicial proceeding then pending before him. It is intended to prevent the attorney who brought the action, or who appeared for the defense, from trying the cause. If there are other matters that ought to work a disqualification than those mentioned in the statute, the argument should be addressed to the legislature. The language here used must be strained and warped out of its plain and usual significance before any warrant can be found for the construction contended for by appellants. (*Cleghorn v. Cleghorn,* 66 Cal. 309, 5 Pac. 516; *Miller v. McCord,* 70 Cal. 646, 11 Pac. 798.) Does this appeal present upon the merits any ground for the interference by this court? Have the appellants any equity? Have they suffered any loss, or damage, or injury, or deprivation, by reason of the order of the lower court? Appellants do not ask to have the cause transferred to Elmore county because of the convenience of witnesses or on account of local prejudice.

in this county. As to these matters they make no complaint. They merely ask that Judge Stewart do not try the cause. This is the relief prayed for in this motion. Yet the very order appealed from gave them all they ask when it calls in Judge Stockslager to try this case. If it is the purpose and intention of the law in granting change of venue in such cases to simply see that the litigants had an impartial judge, the purpose of the law in this case was fully satisfied, and the appellants are in this court without any possible injury from any view in which you may look at the controversy. We think that the cases below, as the facts appear in this case, fully sustain our position and lay down the correct principle of law. (*Page v. Carroll,* 61 Cal. 216; *Upton v. Upton,* 94 Cal. 26, 29 Pac. 411.)

QUARLES, J.—This is an appeal from an order made by the district court of the third judicial district sitting in and for Ada county, denying the motion made by the plaintiffs (appellants here) for a change of venue on the ground that the district judge was disqualified from acting as judge in the cause, he having been attorney for the defendants. Said motion was supported by affidavit. The defendants opposed the motion, and filed in opposition to the motion the affidavit off John Lemp, the defendant, to the effect that the witnesses on behalf of the defendants (naming them) are numerous, and that said witnesses are business men residing at and engaged in business in Boise City, in said Ada county, and that the convenience of said witnesses required that the cause be tried in said Ada county. The motion was heard, and the district court made the following order, September 29, 1897: "This cause came on for hearing upon the affidavit of plaintiffs for a change of venue herein, and the counter-affidavit of defendants, this court being disqualified, and declining to act herein; D. D. Williams, Esq., and H. E. McElroy, Esq., appearing as counsel for the plaintiffs, and W. E. Borah, Esq., appearing as counsel for the defendants; whereupon said cause was argued before the court by the respective counsel, and thereupon counsel for the defendants agree in open court that the court may appoint any judge within the state, or any attorney of this

bar of his own choosing, or of the counsel for plaintiffs' choosing, to try this cause; whereupon the court called on counsel for their authorities, and took the matter under advisement"—and on September 30, 1897, denied said motion by the following order, entered on the records of the court, to wit: "This cause having been heretofore taken under advisement by the court on plaintiffs' application for a change of venue herein, whereupon the court ordered that said application be denied, and whereupon the court further ordered that the judge of this court will not sit in the trial of this cause, and that the court would enter an order herein calling in the judge of the fourth judicial district to sit in the trial of this cause at the next regular term of this court, to which district said cause is asked to be transferred, or would appoint any member of this bar against which there is no legal objection of plaintiffs and of plaintiffs' choosing, to try this cause; to all of which order and ruling of the court counsel for plaintiffs except."

By the provisions of subsection 4 of section 4125 of the Revised Statutes, it is the duty of the court in which an action is commenced, on motion made therefor, to grant a change of venue "when from any cause the judge is disqualified from acting." Section 4126 of the Revised Statutes, provides that the change must be made to the court agreed upon by the parties, or, if they do not agree, the action, if pending in a district court, must be changed to another district court—the nearest court where the like objection or cause for making the order does not exist. Section 12 of article 5 of the constitution is as follows: "Every judge of the district court shall reside in the district for which he is elected. A judge of any district court may hold a district court in any county at the request of the judge of the district court thereof, and, upon the request of the governor, it shall be his duty to do so; but a cause in the district court may be tried by a judge *pro tempore,* who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, and sworn to try the cause." Upon the application and showing made, we think that the district court should have granted the motion, and changed the venue of the action to the court that should be agreed on by the parties, or, if they failed to agree, then to

the nearest district court where a like objection did not exist. Being disqualified, and having so decided, the court below had no jurisdiction to pass upon any question in the case involving judicial discretion. If a disqualified judge in a given cause may pass upon the question of the convenience of witnesses requiring the cause to be tried in a certain county, then he may, as such judge, pass upon all questions preliminary to the trial, act upon demurrers, motions to strike out pleadings or parts thereof, or reform the pleadings, shape the issues in the action, grant continuances, and do other acts prejudicial to the parties. The object of the law in granting a change of venue in any case is to give parties fair and impartial trials, where self-interest, the relation of client and attorney, or of kinship to one of the parties, on the part of the trial judge, will not place the other party at a disadvantage. The beneficent objects of the rule would be to a great extent defeated if a disqualified judge acts in such matters as usually arise in a cause prior to the trial.

But it is urged that no substantial rights of the appellants are affected by the order appealed from, and that the order, for that reason, should be affirmed. This contention is not, in our opinion, correct. The appellants are entitled to a speedy trial. True, the district judge of the third district might, under the constitution, request another district judge to come to Ada county, and try the cause; still it would be optional with the judge so requested, unless commanded by the governor, to come or not. And there is great probability that the judge so requested might be holding a term of his own court at the time when his presence in another district was so desired. Then it frequently takes considerable time to make up the issues, and attend to those matters which are preliminary to the trial, especially in equity cases, where the parties are numerous. And for these and other palpable reasons the substantial rights of the appellants were affected by the order in question. The parties had the power to agree upon a judge *pro tempore* to try the cause, but they did not do so. The court below, nor the judge thereof, has any power to compel the parties to agree upon a judge *pro tempore,* or to compel another district judge to come to Ada county, or to compel the governor to request

another district judge to come to Ada county, to try the case at bar. The order appealed from is reversed, and the cause remanded, with instructions to the district court to grant plaintiffs' motion for a change of venue. Costs of this appeal awarded to appellants.

Sullivan, C. J., and Huston, J., concur.