(June 13, 1902.)

## STEVENS v. HALL.

[69 Pac. 282.]

DISTRICT JUDGE—QUALIFICATIONS.—Where an attorney appears for a defendant in an action, and judgment is entered against such defendant (with other defendants), and said attorney thereafter becomes a judge of the court in which the judgment is entered, and an action is brought therein on such judgment to revive it, the judge is not disqualified from sitting therein under the provisions of section 3900 of the Revised Statutes, for the reason that in the trial of such action the only issues are as to the regularity of the entry of such judgment and the payment thereof, issues not involved in the original case, and upon which the judge, as attorney, had not advised or appeared for either party to such suit.

(Syllabus by the court.)

APPEAL from District Court, Bear Lake County.

A. B. Gough and T. L. Glenn, for Appellant.

The facts are fully stated in the opinion. Section 3900 of the Revised Statutes of Idaho, reads as follows: "A judge cannot act as such in any of the following cases: 1. In an action or proceeding to which he is a party, or in which he is interested; 2. When he is related to either party by consanguinity or affinity within the third degree, computed according to the rules of law; 3. When he has been attorney or counsel for either party in the action or proceeding. But this section does not apply to the arrangement of the calendar or the regulation of the order of business, nor the power of transferring the cause to another county." We contend that this action is so intimately connected with the original action as to bring it within the prohibition of subdivision 3 of the above section; that it is a mere continuance of the case, a supplemental proceeding. In 18 Encyclopedia of Pleading and Practice, 1059-1061, the nature and purpose of the proceeding to revive a judgment is fully discussed, and it is there said: "A proceeding to revive a judg-

ment is not an original proceeding, but a mere continuance of the former suit. It is merely a supplementary remedy to aid in the recovery of the debt evidenced by the original judgment." (*State v. Hocker,* 34 Fla. 25, 15 South. 581; 12 Am. & Eng. Ency. of Law, 40; *Hall v. Thayer,* 105 Mass. 219, 7 Am. Rep. 513; *Curtis v. Wilcox,* 74 Mich. 69, 41 N. W. 863; *Gains v. Barr,* 60 Tex. 176; *Moses v. Julian,* 45 N. H. 12; and *Slaven v. Wheeler,* 58 Tex. 23; *Toole v. Berkley,* 60 Kan. 446, 56 Pac. 755; *Gordon v. Conor,* 5 Idaho, 673, 51 Pac. 747.)

John A. Bagley, for Respondent.

Cites no authorities upon the point decided by the court.

STOCKSLAGER, J.—The plaintiff (appellant here) commenced his action in the district court of Bear Lake county against the defendants (respondents), alleging that on the eighth day of April, 1893, in the district court of the fifth judicial district of the state of Idaho in and for Bear Lake county, a judgment was duly given and made, rendered, and entered by said court against the defendants, and each of them, in favor of this plaintiff, in an action in said court then pending, wherein this plaintiff was plaintiff and said defendants and each of them were defendants, for the sum of $1,888.28, which said judgment bears interest from date at the rate of ten per cent per annum. Then follows prayer for judgment. Defendants moved the court to dismiss the action on the ground that there is no such procedure known to our law. This motion was filed January 5, 1900, and on January 25, 1900, the court made the following order: "The court being fully advised in the matter of the motion heretofore made to dismiss in the above-entitled cause, the same is hereby granted." On the same day, to wit, January 25, 1900, the court made an order adjourning the term of court. On January 6, 1900, prior to the ruling of the court on the motion, defendants Hall, Brewer, and Bagley filed a demurrer to the complaint, alleging that it did not state facts sufficient to constitute a cause of action. On the 7th of May, 1900, an appeal was taken to the supreme court from the order dismissing the action, and on the fifteenth day of

December, 1900, the appeal was dismissed, without prejudice to another appeal, for the reason that an appeal did not lie from such an order. By the record it is shown that on the twenty-first day of June, 1901, counsel for defendants was served with notice of a motion to set aside order and for change of venue. Thereafter, and on the thirtieth day of September, 1901, a motion was filed, to wit: "Comes now the plaintiff, by his attorney, and moves the honorable court to vacate and set aside an order of dismissal made and entered in the above-entitled cause on the twenty-fifth day of January, 1900, for the reason that the Honorable Joseph C. Rich, judge of the above-entitled court, the judge sitting in the above-entitled cause, and making said order of dismissal, was disqualified from sitting and acting in said cause, for the reason that he was and acted as the attorney of Charles Brewer in the case of *Sidney Stevens v. Fremont Hall, John A. Bagley, C. L. French, and Charles Brewer,* pending and tried in the above-entitled court in the month of April, 1893, in which judgment was rendered against said defendants in favor of said plaintiff on the eighth day of April, 1893, and the above-entitled cause being an action to revive said judgment there and then obtained. And the plaintiff, by his attorney, further moves this honorable court for a change of venue in the above-entitled cause, and asks that it be transferred to the district court of the fourth district of the state of Idaho, in and for the county of Lincoln, for the reason that the Honorable Joseph C. Rich, judge of the above-entitled court, and before whom the above-entitled cause is pending, is disqualified from sitting and acting in said cause for the reason that he was and acted as the attorney for defendant Charles Brewer in the case of *Sidney Stevens v. Fremont Hall, John A. Bagley, C. L. French, and Charles Brewer,* pending and tried in the above-entitled court in April, 1893, in which judgment was rendered against defendants in favor of said plaintiff, and the above-entitled cause being an action for the revival of the aforesaid judgment rendered on the eighth day of April, 1893." On the twentieth day of February, 1902, the court, in passing upon the foregoing motion, made the following order: "Plain-

tiff's motion in this case for a change of venue and to set aside order came regularly on for hearing on this day, and the court, being fully advised of the same, orders that the same be, and is hereby, overruled and denied." From this order the appeal is taken, and the whole thereof.

The suit of *Stevens v. Hall et al.* was filed in the Bear Lake county district court November 1, 1892. T. L. Glenn was one of the attorneys for the plaintiff, and is one of the attorneys in this action, and has been attorney for plaintiff in all proceedings from the time of filing the complaint up to the present time. On November 4, 1892, Hon. J. C. Rich, present judge of the fifth judicial district, filed a general demurrer for defendant Brewer. On the seventh day of April, 1893, a general answer was filed for all the defendants, signed by Bagley & Budge, Spence & Chalmers, and J. C. Rich. On April 8, 1893, a judgment in favor of the plaintiff and against defendants was filed, in which it appears that the attorneys for defendants were Bagley & Budge, Spence & Chalmers, and J. C. Rich. Glenn & Strong and H. W. Smith appeared as attorneys for plaintiff. This is the last appearance of Judge Rich as an attorney in that case. When the case of Stevens against Hall *et al.* was called in the district court, it is shown by the affidavits of Alfred Budge and Walter Hodge that Judge Rich called attention to the fact that he had been an attorney in the former case. Mr. Budge testifies that he was present in the courtroom when the suit was called; that he heard Hon. J. C. Rich, presiding judge, call Mr. Glenn's attention to the fact that he had acted as one of the attorneys for the defendants in the original suit brought by Sidney Stevens against Fremont Hall *et al.;* that Mr. Glenn stated, in substance and effect, "that he was aware of the fact that his honor had acted as an attorney for the defendants, but that he desired to waive all objections to the court trying the cause; that he desired it tried, and that he was anxious that his honor should try the case." Mr. Glenn was attorney for the plaintiff. These affidavits were sworn to and filed March 3, 1902. Mr. Hodge testifies he was present when case was called. That he heard Judge

Rich make the following remark, in substance and effect, addressed to Mr. Glenn, attorney for plaintiff: "Mr. Glenn, did I not appear for one of the defendants in the original suit—Mr. Brewer? It seems to me that I filed an answer for him." That Mr. Glenn stated to the effect that he knew an answer had been filed by his honor, but that he desired to waive any and all objections to the jurisdiction of the court to try the case, and that he desired the court to try the case. That he had no objection to his honor hearing the case, and was anxious that he hear it. This affidavit was sworn to and filed March 3, 1902. Mr. Glenn files the following counter-affidavit: "T. L. Glenn, being first duly sworn, deposes and says that he is one of the attorneys of record for the plaintiff in the above-entitled cause; that as such attorney he has never in any manner stipulated or entered into any agreement by which the right to a change of venue in said cause was or has been waived." This was sworn to and filed March 3, 1902. This is a full and complete statement of the record, and the only question presented to us is whether Hon. J. C. Rich, the presiding judge before whom these proceedings were had, was disqualified by reason of having been an attorney for the defendants in the original proceeding, and out of which this action grows.

There can be no question but that being an attorney in the case for either party to the action disqualifies a judge from hearing the case. It is not shown that Judge Rich had been attorney for Mr. Brewer or any party to this suit since the final judgment was rendered in *Stevens v. Hall et al.* on the eighth day of April, 1893, in the district court of Bear Lake county. His jurisdiction or qualification to try the case was not questioned until June 21, 1901, when counsel for plaintiff served notice of motion to vacate an order theretofore made by the court to vacate and set aside such order for the reason that the judge was disqualified, etc. The motion was not filed until September 30, 1901—more than eight years after it is shown that Judge Rich had been an attorney for any party to the suit. The question arises, When does the relation of attorney and client terminate? Judge Rich had been judge of the fifth

judicial district of this state more than three years before this
motion was filed, and about one year before the complaint was
filed.  His election necessarily severed his relations with all
his clients, under the provisions of the statute.  When he called
the attention of counsel for appellant to the fact that at a
former time he had been attorney for one of the parties to this
action, and to the original action out of which this litigation
arises, it seems that learned counsel now complaining recog-
nized this fact, and insisted that the presiding judge should hear
and determine the case.  There is nothing in the suggestion
of the court (Judge Rich), when he suggested to counsel that
he thought he had appeared for one of the parties in a former
suit between the same parties, that he felt disqualified to try
the case.  The inference is that he wanted to give them—either
party—an opportunity to object if they so desired.  When it
is considered that practically the same counsel represented the
parties to the last suit that appeared in the former suit, and
especially so far as plaintiff is concerned, it would seem that
an unnecessarily long time has elapsed for it to be ascertained
that Judge Rich is disqualified to try the case.  Our statute
does not provide that a judge who had formerly been an at-
torney for any party to a suit can be qualified by agreement
of the parties or counsel to try the case; neither does it pro-
vide that jurisdiction cannot be conferred in this way.  It will
be observed that counsel for appellant urged the judge to try
the case, as shown by the affidavits of Mr. Budge and Mr. Hodge,
and an inspection of Mr. Glenn's affidavit does not contradict
their statement.  This being true, the question arises, Should a
party be permitted to insist upon the court doing a certain
thing, and thereafter be heard to complain of his own acts, in
case the ruling of the court is not in harmony with his con-
tentions?  Counsel for appellant calls our attention to 18
Encyclopedia of Pleading and Practice, 1060.  It says: "A
proceeding by *scire facias* to revive a judgment is not an orig-
inal proceeding, but a mere continuance of the former suit."
The writ of *scire facias* has been abolished in this state.  (See
Rev. Stats., sec. 4611.)  Section 4020 of the statutes says:

"There is in this territory but one form of civil actions for the enforcement or protection of private rights and the redress or prevention of private wrongs.  Provided, that in all matters not regulated by this code in which there is any conflict or variance between the rules of equity jurisprudence and the rules of the common law with reference to the same matter, the rules of equity shall prevail."  Under the provisions of our statute this is a new action, and not an action or proceeding in the original action to revive the original judgment.  We find the authorities conflicting on the question of the disqualification of a judge who had formerly been connected with the case or matters relating thereto.  *State v. Hocker,* 34 Fla. 25, 15 South. 581, 25 L. R. A. 114, supports the contention of appellant. In *Hall v. Thayer,* 105 Mass. 219, 7 Am. Rep. 513, the syllabus says: "A judge of probate is disqualified by personal interest to appoint his wife's brother administrator of the estate of a deceased person of which his father is a principal creditor, and such a decree of appointment is void."  In *Curtis v. Wilcox,* 74 Mich. 69, 41 N. W. 863, it is said: "In this case it is held that the testimony of the circuit judge fully meets the requirements of the statute, and shows his disqualification to sit on account of his having been counseled regarding the subject matter of the suit."  In *Gains v. Barr,* 60 Tex. 676, the syllabus says: "When in a suit pending the sister in law of the judge is interested in an estate which is involved in the action by the administrator being a party, the judge is disqualified from trying the case, though the name of the sister in law is not mentioned in the pleadings."  In *Slaven v. Wheeler,* 58 Tex. 23, it is said: "If an attorney has been consulted as such, and has given advice as to a matter in dispute, which afterward results in a suit between the parties at variance, he cannot sit as a judge in that case, even though he charged no fee for his advice."  If the facts in the case under consideration were as stated by the syllabus in either of the above-cited cases, we would not hesitate to say that the change of venue should have been granted, if there were no legal objections as to the time and manner of making the application; but, as is disclosed by the

record, the only issues involved in this suit are the entry of the judgment which is sought to be revived, and the payment thereof, and Judge Rich has not been the legal adviser of either of the parties to said suit as to these issues, hence he has not been the attorney of either party on the issues involved in this action, and for that reason was not disqualified under section 3900 of our statute. (*Tootle v. Berkley,* 60 Kan. 446, 56 Pac. 755, syllabus.) A judge who had been of counsel in a case in which a judgment was obtained for his client is incapacitated to hear and determine the matter of the revivor of such judgment, and especially where he is seeking to enforce an attorney's lien upon the judgment sought to be revived. In *Gordon v. Conor,* 5 Idaho, 673, 51 Pac. 747, the question before the court was based upon an order of the district judge refusing to transfer the case to another judicial district, it being alleged, and he (the court) admitting, that he was disqualified. In the order overruling the application for the change the court offered to call the judge of the adjoining district, or appoint any member of the bar to which there was no legal objection. This was the only question before the court, and Mr. Justice Quarles, in the opinion, said: "The object of the law in granting a change of venue in any case is to give parties fair and impartial trials, where self-interest, the relation of client and attorney, or of kinship to one of the parties, on the part of the trial judge will not place the other party at a disadvantage." That the application should be made for a change of venue when the fact of the disqualification of the judge is known, is urged by respondent. In *Missouri Pac. Ry. v. Preston* (Kan. Sup.), 63 Pac. 444, the syllabus says: "A motion made by defendant for a change of venue on the ground of the disqualification of the regular judge was overruled. The judge of another district was called in, who presided at a trial, resulting in a disagreement of the jury. Thereafter a *pro tem* judge was chosen, and a second trial had. There was no objection from the defendant at either trial to the jurisdiction of the court or the authority of the judge to sit. Held, that the claim of right to a change of venue was waived." In *Pettigrew*

*v. Washington Co.,* 43 Ark. 34, it is said: "It is too late, after judgment, to object that the judge was disqualified to try the case on account of consanguinity to one of the defendants." (*Beall v. Sinquefield & Co.,* 73 Ga. 48; *Warren v. Glynn,* 37 N. H. 340.) A party, cognizant in the earlier stages thereof of an objection that might be fatal to the validity of proceedings before a tribunal otherwise competent, cannot be permitted to lie by and take the chances of a favorable result, and, after an adverse one has been reached, be allowed to avail himself of that objection to avoid its consequences. 11 American and English Encyclopedia of Law, page 446, lays down the rule that: "It has been laid down as a general proposition that, where a party assumes a position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." A large number of authorities are cited in support of this proposition. When we consider that at the first opportunity presented the judge called attention to the fact that he had been an attorney for one of the parties to the suit in former litigation and between the same parties, it was certainly the duty of counsel for either party to the suit to ask for a change of venue, if they desired it, and not wait to see what the result would be, and then, if adverse to their interests, ask that the venue be changed.

Whilst we are in accord with the decisions that all proceedings of the courts should be free from any taint, suspicion, partiality, or favoritism, yet we cannot give our approval of the proceedings by which it is sought to take the advantage of their own laches. Judgment of the lower court is affirmed, with costs to respondents.

Sullivan, J., concurs.

Quarles, C. J., expresses no opinion.