W. H. JONES, *Appellee*, v. THE AMERICAN CENTRAL
INSURANCE COMPANY, *Appellant*.

No. 16,557.

SYLLABUS BY THE COURT.

1. FOREIGN CORPORATIONS — *Service of Process.* The various methods provided by statute for obtaining service of process on foreign corporations are cumulative. (*Betterment Co. v. Reeves*, 73 Kan. 107, syllabus.)

2. PRACTICE, DISTRICT COURT—*Denial of Frivolous Motion to Quash Summons—Time of Trial—Discretion.* Upon the denial of a motion to quash a summons and to set aside the service, if it appears to the court that the motion is not made in good faith or is frivolous, it is, and was before the adoption of the new code, within the discretion of the court to continue the case for the term, or to assign it for hearing at the same term, reasonable time being given to make up the issues. *Held*, in this case, the discretion was not abused.

3. ———— *Time to Produce Evidence.* In the absence of both a motion for a continuance and an affidavit conforming substantially to the requirements of the statute, a party can not predicate error upon a lack of time to produce his evidence.

4. ———— *Change of Venue—Disqualification of the Judge.* A motion in this action for a change of venue, on the ground of the disqualification of the judge, was filed, and was supported by an affidavit that a certain bank had indirectly a large interest (shown by other evidence to be at least $5000) in the subject matter of the action, and that the judge "is a director in said bank, actively engaged as such in its management, and acts as legal adviser for and advises the board of directors and officers of said bank concerning legal matters and interests of said bank, and for his services so rendered to said bank receives a stipulated annual salary, and that such relations have existed for a continuous period dating back to the time the subject matter of this suit first came into existence, and prior to the time the indebtedness of the said W. H. Jones to said bank was first made, and that the subject of said indebtedness, and the ability of said Jones to pay the same, and his means so to do, have been the subject of discussion by the directors of said bank with and in the presence of the judge, in connection with other business matters of said bank." There was no counter evidence, and no counter statement by the judge. *Held*, it was error to deny the motion.

Appeal from Franklin district court.   Opinion filed
June 11, 1910.   Reversed.

*Eugene S. Quinton, M. A. Fyke, E. L. Snider,* and
*W. B. Pleasant,* for the appellant.

*F. M. Harris,* and *W. S. Jenks,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee filed his petition in the dis-
trict court of Franklin county on February 28, 1909,
and on the same day caused summons to be issued re-
quiring the answer to be filed on or before March 25.
The summons was served in Franklin county on Carey
W. Porter, who was the agent that countersigned the
policy sued on, and who was shown to be the superior
officer of an agency of the company in the county.

On the answer day the appellant filed its motion to
quash and set aside the service of summons, for the
reason that it was not served upon the superintendent
of insurance of the state, and evidence was introduced
to show that Porter was not licensed or authorized by
the superintendent of insurance as a managing officer
or agent.   Evidence was also offered to show that Por-
ter was the superior officer of an agency of the company
located in Franklin county.

The court denied the motion and set the case for
hearing at the same term of court, twenty-two days
thereafter.   The appellant assigns the denial of the
motion as error, and cites *Insurance Co. v. Coverdale,*
48 Kan. 446.   In that case service was made upon the
superintendent of insurance, but was directed to the
sheriff.   The decision was that the summons in such a
case must be directed to the superintendent of insur-
ance, and that it must allow the defendant forty days
from the date of the summons to answer.   It was not
therein held or intimated that that is the only method
of service.

In *Betterment Co. v. Reeves,* 73 Kan. 107, it was de-

cided that the various methods provided by statute for service of summons upon a nonresident insurance corporation are cumulative. In *Insurance Co. v. Mortimer*, 52 Kan. 784, it was held that service upon the chief officer of an agency which the insurance company has in the county is good. (See, also, *Insurance Co. v. National Bank*, 58 Kan. 86, 89.) Where service is on an agent in the county, only twenty days for answer after the return day set in the summons is requisite. The motion to quash the summons and set aside the service was properly denied.

It is urged that the court erred in setting the case for trial at the same term of court at which the motion to quash the summons was denied. When an issue of law is raised in good faith, on or before the answer day, by filing a motion to set aside the service of summons, the defendant is not in default for answer, at least during the pendency of such motion.

The question of law raised by this motion had, as we have seen, been determined by this court about sixteen years before this motion was filed. The court evidently thought the eminent counsel for the insurance company knew this, and held the motion frivolous. Full twenty-two days were given to make up the issues and to prepare for trial. The issues were not in fact made up, however, by the filing of a reply ten days before the time set for trial, as required by section 313 of the code of 1909.

Courts are vested with much discretion in protecting the orderly progress of business therein pending, and under the facts of this case we can not say that such discretion was abused in assigning this case for hearing at the same term.

On the day next preceding that for which the case was set for trial, the appellant filed a motion for a change of venue, on the ground that Judge Smart was interested financially in the cause. An affidavit of E. S. Quinton, one of the attorneys for the appellant, was

filed in support thereof. Omitting formal parts, the material averments are:

"And affiant further states that he is informed and believes that the said W. H. Jones, plaintiff in said cause of action, is largely indebted to various and many parties, and has not sufficient assets and resources to pay the same outside of a recovery upon the insurance policies sued on in this action, and others pending in this court, and that said W. H. Jones is indebted in a very large amount, so this affiant is informed, and believes, and therefore states the fact to be, in the sum of eight or nine thousand dollars to the First National Bank of Ottawa.

"And affiant further states that the Hon. C. A. Smart, judge of the district court of Franklin county, state of Kansas, is the vice president of said First National Bank of Ottawa, and is the owner of stock in said bank, and that the said W. H. Jones is relying upon a recovery in this action, and the other actions against the insurance companies pending in this court, to pay said indebtedness to said bank, and that said bank expects and hopes to receive its pay from a recovery in this and the other actions pending in this court."

The appellee thereupon filed his affidavit, in which he stated that the allegations in the affidavit of Quinton were not true or correct. The appellee's affidavit in part reads:

"He admits, however, that he is indebted to the First National Bank in the sum of $5000, evidenced by notes, most of which are not due, but not in a larger sum. He denies that he is dependent upon the insurance sued for in this action to pay the First National Bank; and he says that he has other assets and means wherewith to pay all his indebtedness to the said First National Bank, independent of the result of this suit."

After detailing to some extent his resources the appellee further averred:

"He says that he is advised that the interest of the Hon. C. A. Smart in the said First National Bank is small or nominal, and he says that neither the said Hon. C. A. Smart nor the said First National Bank will be affected in any manner by the outcome of this suit."

After argument by counsel the court delivered the opinion and statement of facts. Omitting explanatory recitals as to his business interests in other matters, the judge said:

"The affidavit made by Mr. Quinton is substantially correct. In a bank with $100,000 capital, I am the owner of $1000 of the stock, and I am now and have been for a year or two one of its vice presidents. I learned for the first time when the affidavit of Mr. Jones was read here how much he owed the bank. Of course, I am not in the active management of the bank, although I keep in touch with it to some extent, and as I say, I learned for the first time when the affidavit of Mr. Jones was read the extent of Mr. Jones's indebtedness to the bank."

Thereupon the appellant filed a supplemental motion for a change of venue, on the ground that Judge Smart had been the legal adviser to the bank which is alleged to be interested in the result of the action, and had consulted with officers of the bank in regard thereto, and further said:

"Defendant renews its motion for a change of venue at this time for the reason the facts set out in the affidavit hereto attached, not stated in the affidavit attached to the motion filed April 26, and overruled April 27, first came to defendant's knowledge after said motion had been overruled, and because the facts set out in the court's statement above referred to, and not set out in said affidavit, first came to defendant's knowledge at the time said statement was made, April 27, 1909."

An affidavit of E. L. Snider, another attorney for the appellant, was introduced in support of this motion. In this affidavit is reiterated the indebtedness of Jones to the bank, and the interest of Judge Smart in the bank, etc., and it is said:

"Affiant further says he is informed and believes the Hon. C. A. Smart, and therefore states the fact to be, is a director in said bank, actively engaged as such in its management, and acts as legal adviser for and advises the board of directors and officers of said bank concerning legal matters and interests of said bank,

and for his services so rendered to said bank receives a stipulated annual salary, and that such relations have existed for a continuous period dating back to the time the subject matter of this suit first came into existence, and prior to the time the indebtedness of the said W. H. Jones to said bank was first made, and that the subject of said indebtedness, and the ability of said Jones to pay the same, and his means so to do, have been the subject of discussion by the directors of said bank with and in the presence of the Hon. C. A. Smart, in connection with other business matters of said bank.

"Affiant further states that the facts herein set out in the affidavit filed in connection with motion for change of venue came to defendant as set out in said affidavit and about April 23, 1909, and the additional facts set out in this affidavit came to the knowledge of defendant and this affiant April 27 and April 28, 1909."

This motion was also argued by counsel, and thereupon the following proceedings were had:

In passing upon the motion the trial court said:

"I don't see anything new in this motion and affidavit. If it is considered as a new motion it is overruled; if it is supplemental to the other motion it stands with the other. Is it a separate motion, or is it supplemental to the one passed upon yesterday?

"Mr. Snider: It may be filed as a supplemental motion to the one filed yesterday, and passed upon I suppose just as well.

"The Court: It will be so considered, then, and may be filed as such. Call a jury, Mr. Clerk."

The trial which was then had upon the issues presented in the pleadings resulted in a verdict and judgment for the appellee, from which the appeal is taken.

In the supplemental affidavit it is stated that the facts therein recited came to the knowledge of counsel after the filing of the Quinton affidavit. Hence, the second motion and affidavit were considered by the court at the request of counsel as supplemental to the former.

The provision of law relating to a change of venue

by reason of the disqualification of the judge is a part of section 57 of the code of 1909, which reads:

"In all cases in any of the district courts of this state in which it shall be made to appear that a fair and impartial trial can not be had in the county where the suit is pending, or when the judge is interested or has been of counsel in the case or subject matter thereof, or is related to either of the parties, or otherwise disqualified to sit, the court may, upon application of either party, change the place of trial to some county where the objection does not exist."

This court, in *Kansas Pacific Rly. Co. v. Reynolds,* 8 Kan. 623, 628, decided that the word "may," as used in this statute, means "must." In other words, where the necessary facts have been made to appear, a change of venue is not a matter of discretion in the court, but of right to the party applying therefor. The facts which disqualify a judge must of necessity be peculiarly within his own knowledge when his attention is called thereto, and hence it must not be supposed that he is compelled to rely wholly upon affidavits or other evidence in regard thereto, but may disregard false or mistaken statements if in conflict with his personal knowledge of the facts. However, as quoted with approval by Mr. Justice Johnston in *Tootle v. Berkley,* 60 Kan. 446: " 'Next in importance to the duty of rendering a righteous judgment is that of doing it in such a manner as will beget no suspicion of the fairness or integrity of the judge.' " (p. 448.) To do this, if the judge relies upon his own knowledge, which is at material variance with the evidence introduced, it devolves upon him to make his knowledge of the facts known to the parties in a statement which should, if desired, be made a part of the record. This was done to some extent in passing upon the original motion, before the supplemental motion and affidavit were filed. In the supplemental affidavit, it having appeared by former affidavits and the statement of the judge that Jones was indebted in the sum of at least $5000 to the

bank, of which the judge was a small stockholder and a director and vice president, it was further stated that Jones was relying upon a recovery in this action, and in other similar actions in the same court, for means to pay the debt, and that the bank expected and hoped to receive its pay from the same source. The affidavit then continued:

"Affiant further says he is informed and believes the Hon. C. A. Smart, and therefore states the fact to be, is a director in said bank, actively engaged as such in its management, and acts as legal adviser for and advises the board of directors and officers of said bank concerning legal matters and interests of said bank, and for his services so rendered to said bank receives a stipulated annual salary, and that such relations have existed for a continuous period dating back to the time the subject matter of this suit first came into existence, and prior to the time the indebtedness of the said W. H. Jones to said bank was first made, and that the subject of said indebtedness, and the ability of said Jones to pay the same, and his means so to do, have been the subject of discussion by the directors of said bank with and in the presence of the Hon. C. A. Smart, in connection with other business matters of said bank."

To this, in denying the motion as supplemented, the only remark of the judge was: "I don't see anything new in this motion and affidavit."

It is said by the appellee that the denial of the motion was a sufficient negation of the new matter in this affidavit. In this we can not concur. The affiant was a member of the bar in good standing, and as such an officer of the court, and he made the statements as positively probably as it was possible for anyone except the officers of the bank to make them. The judge necessarily knew the facts, and if the attorney was misinformed the judge owed it to himself, and to his high office, to say so, and thus maintain the high regard in which the administration of justice should be and is almost universally held. If the statements in

the affidavit were not based upon misinformation, but were true, the motion should have been allowed. It was therein substantially charged that the judge had been of counsel in the subject matter of the case. If this was true the judge was disqualified under the common law, by the statutes of the state, and by every consideration of judicial propriety and fairness. If the charge was not true the judge alone, of those participating in the trial of the case, was in a position to know the exact truth.

In a sense the relation of the judge to the case pending was for the time being on trial before the court, the judge being nominally the sole arbiter. An unsworn statement by the one most conversant with the facts, either confirming, correcting or utterly denying the hearsay charge, would have been in all probability received with credibility by all concerned, and in either event would have left no doubt as to the qualification or disqualification of the judge. (*Tootle v. Berkley*, 60 Kan. 446, 448.) As the record stands, no such statement having been made, the charge is supported by uncontroverted evidence, and the appellant was denied a legal right.

No question is raised as to the integrity or fairness of the judge; but simply whether his relations to the case were such as to disqualify him under the statute.

After the motion for a change of venue was denied, a trial was had to a jury, and no question is raised as to the fairness of the court in its rulings on the introduction of evidence or in the giving or refusing of instructions to the jury. Still, the judgment must be and is reversed, and the case is remanded with instructions to grant a change of venue.

BENSON, J., not sitting.