(No. 5005.  April 7, 1927.)

DANIEL SHULTZ, Respondent, v. FLYNN TRANSPOR-
TATION COMPANY, a Corporation, and ROBERT
GRAHAM, Appellants.

[255 Pac. 644.]

APPEAL AND ERROR — RIGHT TO STAY OF PROCEEDINGS — APPEAL FROM
ORDER DENYING CHANGE OF VENUE.

Defendants appealing from order denying change of place of trial were not entitled to stay of proceedings pending appeal, under showing that motion for change of venue was on ground of nonresidence in county, since such holding would in effect authorize stay of proceedings on appeal from order refusing change of place of trial as matter of course, in face of C. S., sec. 7162, providing that such appeal does not stay proceedings and would be equivalent to granting writ of prohibition without showing necessity for exercise of appellate jurisdiction under Const., art. 5, sec. 9.

APPLICATION for order staying proceedings pending appeal. *Denied.*

Robert H. Elder and J. Ward Arney, for Appellants, file no brief.

N. D. Wernette, for Respondent.

The appeal from the order denying the motion for a change of place of trial does not stay proceedings in the lower court.  (C. S., sec. 7162; *Howell v. Thompson,* 70 Cal. 635, 11 Pac. 789.)

TAYLOR, J.—Defendants, having appealed from an order denying a change of place of trial, now make a motion for stay of proceedings pending that appeal.  The only showing made is that the defendants moved for a change of venue

Publisher's Note.

See Appeal and Error, 3 C. J., sec. 1400, p. 1276, n. 81; sec. 1411, p. 1290, n. 63.

upon the ground that they were not residents of the county wherein the action was brought; that this motion was denied, and appeal taken therefrom, the transcript upon which is on file herein; that one of the district judges has set the case for trial; and that it will be tried, pending appeal, in the county from which the appellants sought to remove it, unless this court grants a stay of proceedings.

C. S., sec. 7162, provides that the perfection of an appeal from an order refusing to grant a change of the place of trial of an action does not stay the proceedings therein.

To grant the motion upon this meager showing would be, in effect, to hold that one who appeals from an order refusing to change the place of trial of an action is entitled to a stay of proceedings as a matter of course, in the face of that statute, and would be equivalent to granting a writ of prohibition out of this court against the district judge without such judge being made a party to the proceedings, and without any showing that such writ is necessary to the complete exercise of the appellate jurisdiction of this court. (Const., art. 5, sec. 9.)

Previous decisions of this court or from other jurisdictions, tending to support the granting of a stay of proceedings or a writ of prohibition pending an appeal from such an order, are of no particular weight in the determination of this matter. Such decisions will be found to rest upon some showing in addition to the possible necessity of the defendant going through two trials, one of which might be avoided: that by the lower court proceeding, the complete exercise of the appellate jurisdiction of this court would be impaired; or that, because of some threatened irreparable injury, the matter in litigation should remain *in statu quo* until the determination of the appeal.

The motion is denied. Costs to respondent.

Wm. E. Lee, C. J., and Givens and T. Bailey Lee, JJ., concur.