(No. 5494. December 17, 1929.)

In the Matter of the Application of CHRISTINA HULTNER–WALLNER for a Writ of Prohibition. CHRISTINA HULTNER–WALLNER, Plaintiff, v. THE HONORABLE ALBERT H. FEATHERSTONE, Judge of the District Court of the First Judicial District of the State of Idaho, in and for Shoshone County, Defendant.

[283 Pac. 42.]

Therrett Towles and John L. Fitzgerald, for Plaintiff.

H. E. Worstell and James A. Wayne, for Defendant.

BUDGE, C. J.—Plaintiff made application for a writ of prohibition against the Honorable Albert H. Featherstone, judge of the first judicial district, to prevent him from presiding as judge in an action commenced by plaintiff against one Emanuel Johnson and others. It appears from the showing made for the issuance of the writ that the action referred to was to enjoin the defendants therein from committing certain acts of trespass on lands owned by plaintiff, for a decree quieting title thereto, and for damages. So far as necessary to be considered here, the controversy between plaintiff and the Johnsons involves the right to the use of a road leading across the lands of plaintiff to mining claims owned by the Johnsons and others. In support of a motion to dissolve a restraining order against the Johnsons, an affidavit was filed in the case stating, among other things (and it likewise was alleged in the answer and cross-complaint filed in the action), that the road in question was the only means of ingress to and egress from defendant Johnson's property as well as a group of mining claims, some of which were owned by the Golconda Mining Company and Square Deal Mining Company. A motion for change of the place of trial of the action was filed by plaintiff upon the ground that, one of the material issues in said action being whether the road was a public road or highway, involving the right of the mining companies mentioned, their agents and employees, to use the same, plaintiff believed she could not have a fair and impartial trial in said action before Judge Featherstone by reason of his being a stockholder, president and director of the mining companies referred to. The motion for change of venue was denied, and application for the writ herein followed.

A writ of prohibition will be issued when the proceedings of a "tribunal, corporation, board or person" are not within its or his jurisdiction, and where there is not a plain,

speedy and adequate remedy in the ordinary course of law. (C. S., secs. 7267, 7268; *Olden v. Paxton*, 27 Ida. 597, 150 Pac. 40.)

In testing this case by the condition first necessary to be shown in order to authorize the issuance of the writ applied for, viz., whether or not the defendant judge was within his jurisdiction in refusing to grant the motion for change of venue, the statutory provisions relating to change of venue and disqualification of a judge to act as such may be considered.

Under C. S., sec. 6666, "the court or judge must, on motion, when it appears by affidavit or other satisfactory proof, change the place of trial . . . . (2) When there is reason to believe that an impartial trial cannot be had therein . . . . (4) When from any cause the judge is disqualified from acting." A judge cannot act as such, according to C. S., sec. 6499, (1) "In an action or proceeding to which he is a party, or in which he is interested."

Where a judge is disqualified or "can not act as such,"— in the instant case if it is one "in which he is interested," within the meaning of that term as used in C. S., sec. 6499,— there can be no doubt that it would be in excess of or without his jurisdiction to participate as a judge in the case. (*North Bloomfield G. M. Co. v. Keyser*, 58 Cal. 315, at 325.) It has been said that the interest which disqualifies a judge from trying a case is a personal or property interest, an interest in the event of the suit or in the judgment which may be rendered therein. In construing a statutory provision the same as that in C. S., sec. 6499, i. e., that a judge cannot act as such in an action or proceeding in which he is interested, the supreme court of California, in *Hall v. Superior Court*, 198 Cal. 373, 245 Pac. 814, decided that a judge may be disqualified because of interest in the result of litigation even though that interest may not appear upon the face of the proceedings and although the subject matter of the judge's interest may not be formally involved in the controversy. The court said it was governed and controlled by the ruling of *Adams v. Minor*, 121 Cal.

372, 53 Pac. 815, holding that a judge is disqualified if he is a stockholder in a corporation, where the corporation is interested in property involved in a controversy, although the corporation is not a party to the action. (See, also, Annotation, 48 A. L. R. 617; *Jones v. American Cent. Ins. Co.*, 83 Kan. 44, 109 Pac. 1077; *Lindsay-Strathmore Irr. Dist. v. Superior Court*, 182 Cal. 315, 187 Pac. 1056.)

■ In the action filed by plaintiff it is directly in issue whether the road across plaintiff's property is a public road, and if it were found to be such by the defendant judge, sitting in equity as a trier of the facts, the rights of the mining companies referred to, of which he is a stockholder and officer—and by that token the interests of the judge—would be to that extent beneficially affected.

■ The statute should be given a liberal construction not refined and subtle distinctions to save a case from its operation. (*North Bloomfield G. M. Co. v. Keyser, supra; Day v. Day*, 12 Ida. 556, at 567, 10 Ann. Cas. 260, 86 Pac. 531.)

The defendant judge has not personally denied that he is disqualified, and it is our opinion that the undisputed fact as to his being a stockholder and officer of the mining companies whose rights would be affected by the result of the controversy between plaintiff and the Johnsons, was a sufficient showing of a disqualifying interest as to bar him from acting as judge in the case, and that it was his mandatory duty under the statutes to grant a change of venue upon such showing. (*Gordon v. Conor*, 5 Ida. 673, 51 Pac. 747; *Callahan v. Callahan*, 30 Ida. 431, 165 Pac. 1122.) This conclusion is not to be understood as questioning in the slightest the integrity of the judge, who undoubtedly believed his interests in the mining companies would not prevent him from trying the case fairly and impartially. However, and according to what is thought to be a fair interpretation of the law, he had no discretion in the matter; his personal views might not be considered. He was *ipso jure* rendered disqualified, under the issues in the case, from acting judicially therein.

We now approach the second condition necessary to be shown in order to warrant the issuance of the writ, viz., that there is no plain, speedy and adequate remedy in the ordinary course of law. Although an appeal may be taken from an order refusing to grant a change of place of trial (C. S., sec. 7152, subd. 2), no stay of proceedings is allowed by statute, and the case might be set down for hearing before the disqualified judge pending perfection of appeal and hearing in this court. The remedy by appeal must be competent to afford the relief sought, and it is apparent that the relief sought by the plaintiff in this proceeding would not be certain, and might be denied, through the means of an appeal. As aptly stated in *North Bloomfield G. M. Co.* v. *Keyser, supra* (see, also, concurring opinion of Sharpstein, J.) :

"If, as has already been determined, the respondent (judge) is so interested in the determination of the action before him as renders him disqualified to sit in the cause, the petitioner has the right to insist that he do not sit. Upon an application made for a change of venue, based in part on the disqualification of the Judge, the latter decided that he was not disqualified, denied the motion, and will, as is alleged in the petition, continue to act as Judge in the case. On an appeal from the order denying the motion, no stay of proceedings is allowed by statute, and pending the slow process of appeal, other orders may be made, and possibly the cause be tried, before a Judge disqualified to act. Under such circumstances, we are of the opinion that the petitioner has not a plain, speedy and adequate remedy in the ordinary course of law."

The alternative writ of prohibition, heretofore issued, is made permanent.

Givens, T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.