223 P.2d 947

**BENTLEY et al. v. LUCKY FRIDAY EX-
TENSION MINING CO. et al.**

No. 7676.

Supreme Court of Idaho.

Nov. 10, 1950.

H. J. Hull & Sons, Wallace, Brown & Peacock, Kellogg, for respondents.

McNaughton & Sanderson, Wm. S. Hawkins, Coeur d'Alene, Cullen & Etter, Spokane, Wash., for appellants.

PORTER, Justice.

Respondents commenced this action in Shoshone County by filing a petition for a writ of mandamus. It is alleged in such petition that respondents were duly elected as directors and officers of the appellant, Lucky Friday Extension Mining Company, to succeed appellant, James A. Allen, and associates as such directors and officers. The question for determination under the petition is the validity of such election. Respondents seek to gain possession from appellant Allen of the books, records and property of appellant mining company and to have and enjoy the right to manage the affairs of the company.

Upon the filing of such petition, an alternative writ of mandamus was issued returnable on March 27, 1950. Appellants appeared in the action and filed a demurrer and a motion for change of venue to Kootenai County, supported by the affidavit of appellant Allen. The motion for change of venue is predicated upon three grounds, (1), that defendants have reason to believe, and there is reason to believe, that a fair and impartial trial cannot be had in Shoshone County; (2), that the convenience of witnesses and the ends of justice would be promoted by the change; (3), that the District Judge, Honorable Albert H. Featherstone, is disqualified from acting.

It appears from the supporting affidavit of appellant Allen that more than two-thirds of the stockholders of the Lucky Friday Extension Mining Company are non-residents of Shoshone County; that the officers of the company reside in Spokane, Washington, and the managing agent of the company in Kootenai County; that respondents have composed and circulated false and accusatory writings concerning the Lucky Friday Extension Mining Company and James A. Allen, which have been given wide circulation in Shoshone County; that affiant believes and, therefore, states that the accusations against these defendants, because of their general publicity, have been called to the attention of the Honorable Albert H. Featherstone; that there is on file and pending in Shoshone County, an action wherein the Lucky Friday Extension Mining Company is plaintiff and the Lucky Friday Silver-Lead Mines Company is defendant, involving substantial rights between these two companies and moneys in excess of $87,000; that such lawsuit is one of the principal assets of the Lucky Friday Extension Mining Company; that the officers and stockholders of the Lucky Friday Silver-Lead Mines Company generally are residents of Shoshone County; that the Honorable Albert H. Featherstone is a director and a large stockholder in the Lucky Friday Silver-Lead Mines Company; and that, therefore, the affiant states that the said Honorable Albert H. Featherstone is disqualified from acting in this suit.

Neither respondents nor Judge Featherstone filed any affidavits or other showing in opposition to such motion for change of

514

venue. A hearing was had on the motion for change of venue on March 25, 1950. At the conclusion of the hearing, the court entered an order denying the motion. At the same time, the court entered a further order reciting that an affidavit of bias and prejudice having been filed, "the Honorable Leo McCarty, Judge of the Tenth Judicial District of the State of Idaho, be and he is hereby requested and called in to this judicial district to sit and act in the above entitled action." From the order denying the motion for change of venue, appellants have duly appealed to this court.

Respondents contend that appellants have waived their right to appeal from the order denying the motion for change of venue. To support such contention, respondents have brought to this court by way of augmentation of the record, a so-called Certificate of Proceedings, signed by Judge Featherstone under date of September 18, 1950. After reciting the alleged proceedings at the time of the hearing on the motion for change of venue, such certificate of proceedings states:

"Counsel was thereupon advised that the Motion for Change of Venue was not well taken, but that, nevertheless, I would deem myself disqualified of my own volition and call in an outside Judge if counsel wished to dispose of the matter in *the* manner, and counsel were thereupon asked if they could agree upon an outside Judge to be called in to hear the cause.

"Thereupon counsel for defendants and plaintiffs discussed the matter and orally stipulated that the Honorable Leo McCarty, Judge of the Tenth Judicial District of the State of Idaho, be called in to hear the cause."

On the same day, the court entered an order that the Clerk of the Court file such certificate of proceedings as part of the records in this action and certify the same to the Supreme Court.

■ The minutes of a court may be corrected or amended to set out the true facts, upon proper application and hearing, by an order nunc pro tunc. This certificate of proceedings does not pretend to be an amendment or correction of the minutes. It is an instrument not authorized by statute and unknown to our practice. The minutes of the court are not before us.

■ However, if this certificate of proceedings should be construed to be a correction of the minutes, it is not sufficient to show that appellants waived their right to appeal. An appeal from an order denying a motion for change of venue does not stay proceedings in the case. Section 13-211 I.C.; Hay v. Hay, 40 Idaho 627, 235 P. 900; Shultz v. Flynn Transportation Co., 44 Idaho 155, 255 P. 644. After the court had announced that the motion for change of venue would be denied, that he would deem himself disqualified and requested counsel to agree upon a Judge to hear the cause, appellants did not waive

their right to appeal by stipulating that Judge McCarty be called in to hear the case. Their motion for change of venue having been denied, they were entitled to and could do no less than protect their interests in all further proceedings.

■■ By their first assignment of error, appellants urge that it was error for the trial judge to deny defendants' motion for a change of venue when such motion was based in part upon said judge's disqualification. In this connection appellants contend that the showing made discloses that Judge Featherstone has a disqualifying interest in the action. Section 1-1801, I.C., reads, in part, as follows:

"A judge can not act as such in any of the following cases:

"1. In an action or proceeding to which he is a party, or in which he is interested. * * *"

In the case of In re Hultner-Wallner, 48 Idaho 507 at 511–512, 283 P. 42 at 43, in discussing the interest which disqualifies a judge under the above statute, this court said: "It has been said that the interest which disqualifies a judge from trying a case is a personal or property interest, an interest in the event of the suit, or in the judgment which may be rendered therein. In construing a statutory provision the same as that in C.S. § 6499, i. e., that a judge cannot act as such in an action or proceeding in which he is interested, the Supreme Court of California, in Hall v. Superior Court, 198 Cal. 373, 245 P. 814, decided that a judge may be disqualified because of interest in the result of litigation, even though that interest may not appear upon the face of the proceedings and although the subject-matter of the judge's interest may not be formally involved in the controversy. The court said it was governed and controlled by the ruling of Adams v. Minor, 121 Cal. 372, 53 P. 815, holding that a judge is disqualified if he is a stockholder in a corporation, where the corporation is interested in property involved in a controversy, although the corporation is not a party to the action. See also Annotation, 48 A.L.R. 617; Jones v. American Cent. Ins. Co., 83 Kan. 44, 109 P. 1077; Lindsay-Strathmore Irr. Dist. v. Superior Court, 182 Cal. 315, 187 P. 1056."

■■ It appears that the principal asset of the appellant, Lucky Friday Extension Mining Company, is its lawsuit against Lucky Friday Silver-Lead Mines Company. The outcome of such lawsuit will materially affect the assets of the latter company. If Judge Featherstone had presided through the instant litigation, he would have been called upon to determine who would be in control and management of the affairs of the opponent of his company with power to direct and control the lawsuit in question and to prosecute or fail to prosecute the same. Furthermore, Judge Featherstone has not personally denied that he is disqualified, but on the contrary, disqualified himself and entered an order calling in an-

other District Judge. In the case of In re Hultner-Wallner, supra, this court said that "the statute should be given a liberal construction, not refined and subtle distinctions to save a case from its operation", citing Day v. Day, 12 Idaho 556, 86 P. 531, 10 Ann.Cas. 260, and North Bloomfield Gravel Min. Co. v. Keyser, 58 Cal. 315. It must be held that the uncontradicted showing made by appellants disclosed a disqualifying interest in Judge Featherstone and that it was an abuse of discretion for him to rule otherwise.

By their second assignment of error, appellants contend that it was error for the trial judge to treat defendants' motion for change of venue as simply an affidavit of prejudice, and after denying the motion, to make an order calling in another judge. Section 5-406, I.C., reads, in part, as follows:

"The court or judge must, on motion, when it appears by affidavit or other satisfactory proof, change the place of trial in the following cases:

\* \* \* \* \* \*

"4. When from any cause the judge is disqualified from acting."

Under the provisions of the foregoing statute, upon a motion for change of venue, it being made to appear that the judge is disqualified, it is his mandatory duty to grant a change of venue. In re Hultner-Wallner, supra; Callahan v. Callahan, 30 Idaho 431, 165 P. 1122; Gordon v. Conor, 5 Idaho 673, 51 P. 747. The judge is not empowered to ignore the motion for change of venue and to merely call in another judge to preside on the theory that such action would grant the defendants the relief to which they are entitled. Gordon v. Conor, supra.

By their motion for change of venue, appellants move that the case be transferred to Kootenai County on the ground of the convenience of witnesses and the promotion of the ends of justice. The disqualified judge cannot exercise discretion in this respect but must transfer the cause to the proper court as determined under the statute.

The order denying the motion for change of venue is reversed and the cause remanded with direction to grant such motion for change of venue from the District Court of Shoshone County to such other District Court as may be determined proper under the provisions of Section 5-407, I.C. Costs awarded to appellants.

GIVENS, C. J., TAYLOR and KEETON, JJ., and SUTTON, District Judge, concur.