The People *v.* José Ramon de la Guerra.

# THE PEOPLE *ex rel.* PEDRO C. CARRILLO *v.* JOSE RAMON DE LA GUERRA.

| 24 | 73 |
|----|-----|
| 79 | 155 |
| 24 | 73 |
| 82 | 505 |
| 24 | 73 |
| 105 | 558 |

DEGREES OF CONSANGUINITY—COMPUTATION OF.—In this State, in computing the degrees of consanguinity, the common law is the rule of decision in all cases except in relation to descent and distribution, in which the rule of computation which prevails under the civil law has been adopted.

MOTION TO CHANGE VENUE—WHAT DENIAL OF.—When two motions are pending in an action at the same time, one to change the venue, and one to dismiss, an entry of a judgment of dismissal, without any formal order denying the motion to change the venue, is a virtual denial of the same.

DISQUALIFICATION OF JUDGE FROM TRYING A CAUSE.—If a Judge is related to either of the parties to an action by consanguinity or affinity within the third degree, he is disqualified from acting in the case in any matter except in the arrangement of the calendar or regulation of the order of business. Even if no objection is made, he has no right to act, and ought of his own motion to decline to sit as Judge. In such case, an order of the Judge, dismissing the action, is void, on the ground of his incapacity to act.

PAPERS—HOW MADE PART OF PLEADINGS.—Records and papers cannot be made a part of a pleading by merely referring to them, and praying that they may be taken as a part of such pleading, without annexing the originals or copies as exhibits, or incorporating them with the answer, so as to form a part of the record in the cause.

FORMER SUIT IN BAR—MUST BE PROVEN.—If an answer sets up a former suit pending between the same parties in abatement of the action, and has annexed to it a copy of the record of the former suit, the annexation of this copy does not do away the necessity of a trial and the introduction of the record in evidence. The question cannot be determined on the pleadings, but there must still be proof of the former suit.

APPEAL from the County Court of Santa Barbara County.

The facts are stated in the opinion of the Court.

*Charles E. Huse* and *Charles Fernaldo*, for Appellant.

*Eugene Lies*, for Respondent.

By the Court, SAWYER, J.

The relator and respondent were candidates for the office of Sheriff in the County of Santa Barbara, at the September election. The respondent was declared elected, and received the certificate. On the 22d of November, 1863, the relator

The People v. José Ramon de la Guerra.

filed his petition in the County Court, in pursuance of the statute, for the purpose of contesting the election. The hearing of the case was set for the 12th of December, and a special term of the Court appointed for that purpose. On the 12th of December an affidavit was filed on the part of the relator, showing that the relator and respondent are first cousins of the wife of the Judge before whom the proceeding was pending; and on this affidavit the relator moved the Court for a change of the place of trial to the County of Los Angeles, or some other county, on the ground of disqualification of the Judge to hear the case by reason of this relationship.

On the same day the respondent filed his answer, in which, among other things, he alleged that a similar proceeding had before been commenced by the same party in the same Court, and for the same object; that upon the motion of respondent the said proceeding had been dismissed; that the relator had appealed from the judgment and order of dismissal; that said appeal was still pending and undetermined, and that there was, therefore, another suit pending between the same parties for the same cause of action. Upon which answer he prays that the petition of the relator be dismissed. In the answer, the respondent refers to the record of the former proceeding, and prays that he may have leave to make the original or certified copies of the same a part of his answer; but he does not annex copies, or in any other mode than as above stated make them parts of the answer. The answer also contained defences on the merits of the case. There does not appear to have been any trial of the issues thus formed. On the 12th of December, the day previously appointed for the hearing, when the relator's counsel moved for a change of the place of trial, as above stated, the respondent's counsel made a counter motion to dismiss the case on the pleadings, upon the ground that there was another action pending between the same parties for the same cause. Both motions were argued and submitted at the same time, and taken under advisement. On the 19th of December the Judge filed his decision in

writing, in which, referring to the two motions, he says: " The relator moves a change of venue on the ground of the consanguinity of the Judge of this Court to both parties. The defendant claims that 'a change of the place of trial in an action which on its face discloses there is nothing to try, would be oppressive,' and further insists that 'an examination of a plea in bar has nothing to do with a trial of the action.' Upon a careful examination of the statute which gives the Court special jurisdiction in the case, section 63, it appears to distinguish between an examination of the pleadings and a trial of the cause."

The Judge then states the former proceeding, and that the record is made a part of the answer—that from this it appears that an appeal in that proceeding is still pending—and adds: " This being the present position of the case, the rule must prevail that where two suits are commenced for the same cause of action, the former may be pleaded in abatement of the latter.   The action is dismissed."

The foregoing quotation and order contain all that was said, and this is the only order entered in the case after the argument relating to the motion for change of the place of trial.

The notice of appeal filed on the same day states " that the relator appeals * * * from the judgment and order refusing to change the place of trial therein made and entered in said Court * * * in favor of said respondent and against said relator, and from the whole thereof."

No order in form was made refusing to change the place of trial—the Judge did not formally pass upon the motion.   In deciding the case and ordering it to be dismissed, the Judge, as will appear from the foregoing quotations from his decision, assumes by implication, if he does not directly admit, his relationship to the parties, and adopts the theory of the defendant, to the effect that there is a distinction between trying the case and examining the pleadings to see if there is anything to be tried which would render it necessary to send the case to another county for trial, and that, although he

LAW LIBRARY

was not qualified to sit in the former case, yet he might determine the latter question.  Having satisfied himself that there was nothing to try, he concluded that it was unnecessary to send the case to another county, and dismissed the action. The dismissal of the action, under these circumstances, necessarily involved the refusal to transfer, although no formal order denying the motion was entered.  There were two motions pending—a motion to change the venue, and a cross-motion to dismiss.  Both were argued and submitted at the same time.  The latter motion was granted, and the case dismissed without any formal order as to the former.  This was a virtual denial of the motion to change the venue.  But whether it is or not, the relator claims that it was error in the Court below to render a judgment of dismissal in the case when it was made to appear on the record that the Judge was prohibited from acting by reason of relationship to the parties, and while a motion for a change of the place of trial was pending.  This is one of the errors assigned.  The affidavit in the record, showing that the wife of the Judge is cousin to both relator and respondent, is uncontradicted—and the Judge, for the purposes of his decision, assumes it to be true.

For the purposes of this decision we must, therefore, assume the relationship to exist.  The relator claims that the degrees of relationship must be computed by the canon law, which is followed by the common law ; while the respondent insists that the computation shall be by the rules of the civil law. If the former rule is adopted, the parties are within—if the latter, without—the prohibited degrees.  At an early day the common law was adopted as the rule of decision in this State; and the rule of the common law prevails except as to those particulars in which modifications have been made by statute. In the statute relating to descent and distribution, the rule of computation which prevails under the civil law has been adopted ; but the statute does not purport to extend the rule beyond the purposes contemplated by that Act.  The late Supreme Court so held in several cases, and we are satisfied

that the rule as laid down by them is correct. (*Ord* v. *De la Guerra; De la Guerra* v. *Burton*, 23 Cal. 592.) Section eighty-seven of the Act concerning Courts of justice provides that " a Judge shall not act as such in any of the following cases :   *   *   *   When he is related to either party by consanguinity or affinity within the third degree.   *   *   *   But this section shall not apply to the arrangement of the calendar or the regulation of the order of business." These are the only exceptions mentioned in the Act.   Section twenty-one of the Practice Act authorizes the Court to change the place of trial, " when, from any cause, the Judge is disqualified from acting in the action." These are mere formal matters, which determine no question in dispute between the parties in any way affecting the merits of the controversy. But, beyond these acts, the Judge is totally disqualified from sitting in the case. Even if no objection is made, he has no right to act, and ought, of his own motion, to decline to sit as Judge. In *Oakley* v. *Aspinwall*, 3 Comstock, where a Judge sat in the case at the earnest solicitation of the party most interested in excluding him, and with the consent of both parties, it was held that the judgment which depended upon his concurrence was vitiated.

In the present case, the Judge thought the section of the statute under which he was proceeding made a distinction between trying the case and examining the pleadings and determining from them the question whether the action ought to be dismissed or not, and upon this ground thought himself qualified to make the order of dismissal. But in this he was in error. His act was a judicial act—one that required consideration and the exercise of his judgment. It was, therefore, an act that he was not competent to perform.

The dismissal of the proceeding was void on the ground of the incompetency of the Judge to act, and the refusal to change the place of trial erroneous. But, conceding the action of the Judge in dismissing the case to be void on the ground stated, it is still insisted that if he determined the case correctly upon

the merits this Court will order the same judgment to be entered. If the proceedings below were void for want of jurisdiction in the Judge to act in the case, this Court could hardly be expected to assume original jurisdiction and order a judgment. But there is nothing before this Court to enable it to determine the right of the matter. The record of the former case forms no part of the answer in this proceeding. Records and papers cannot be made a part of a pleading by merely referring to them, and praying that they may be taken as a part of such pleading, without annexing the originals or copies as exhibits, or incorporating them with it so as to form a part of the record in the cause.

But, if considered as a part of the answer, still, the question cannot be determined upon the pleadings. The pleadings raised an issue. The new matter in the answer, under the Practice Act, is deemed to be controverted, and, in this case, the new matter set up in abatement raised an issue, which required proof, like any other issue. The issue must be tried, and the facts found, before the answer can be assumed to be true. In the trial of one case the Court can no more take judicial notice of the record in another case in the same Court, without its formal introduction in evidence, than if it were a record in another Court ; much less can this Court take notice of the existence of a record not introduced in evidence in the Court below. There was no trial in this case, but the question was determined upon an inspection of the pleadings—and the proceedings in the first case are improperly in the record.

The judgment is reversed and the cause remanded.