[S. F. No. 1090. In Bank.—July 1, 1898.]

JOHN ADAMS, Petitioner, v. WILLIAM O. MINOR, Judge of
the Superior Court of Stanislaus County, Respondent.

JUDGE—DISQUALIFICATION—VALIDITY OF BONDS—STOCKHOLDER IN BANK OWN-
ING BONDS.—In an action involving the question of the validity of cer-
tain bonds issued by an irrigation district, a portion of which is
held by a bank, a judge of the superior court, who is a stockholder
in the bank, is an "interested" party within the meaning of section
170 of the Code of Civil Procedure, and is disqualified from sitting
or acting as such therein, irrespective of the pecuniary value of his
interest; and the fact that after he has heard the evidence, and
before the rendition of judgment, he disposes of his stock in the
bank, does not remove his disqualification, so as to qualify him to
render judgment.

ID.—BELIEF OF JUDGE AS TO QUALIFICATION.—The belief of the trial judge
that he was qualified to try a cause pending in his court cannot
affect the fact of his disqualification.

APPLICATION for a writ of mandate.

The facts are stated in the opinion.

C. W. Eastin, for Petitioner.

R. Percy Wright, for Respondent.

CHIPMAN, C.—Application for writ of mandate command-
ing respondent to proceed to the rendition of a decision and
judgment in a certain cause now pending in the superior court
of Stanislaus county, wherein John Adams (petitioner here)
and others are plaintiffs, and G. R. Stoddard, collector of Mo-
desto Irrigation District, in said county, is defendant, and First
National Bank of Los Angeles is intervenor. The facts are to
be found in an agreed statement and in the pleadings, from
which it appears: That the action involved the validity of cer-
tain bonds issued by the said irrigation district, of which the
Bank of Modesto held a portion of the par value of three thou-
sand dollars; that the respondent was the owner of certain
shares of the capital stock of said bank, the amount not shown.
It is but fair to the learned judge who tried the case to add
that he expressed doubt at the beginning as to his right to sit
in the cause, and did so reluctantly and only upon the assur-

ance by both parties to the action that the validity of the bonds held by the bank would not be drawn in question. Subsequently, and at the argument upon the evidence, the validity of the entire issue of bonds, including those held by the bank, was made an issue. The cause was submitted on briefs to be filed, but shortly afterward respondent called up the case of *Adams v. Stoddard,* counsel for both parties being in court, and made an order vacating the submission, and a few days later made another order refusing peremptorily to decide the case.

1. The principal question presented is: Had the judge such interest as disqualified him from deciding the case?

We think the answer must be in the affirmative. Section 170 of the Code of Civil Procedure, provides as follows: "No justice, judge, etc., . . . . shall sit or act as such in any action or proceeding: 1. To which he is a party or in which he is interested." We cannot take into consideration the amount of the judge's interest in the bank—indeed, it is not given; nor can we say that, of the entire issue of bonds, the part held by the bank was too small for judicial cognizance. It certainly was not so small as to come within the maxim *de minimis non curat lex.* Parker, C. J., in *Pearce v. Atwood,* 13 Mass. 324, said: "No man can lawfully act as judge in a case in which he may have a pecuniary interest. Nor does it make any difference that the interest appears to be trifling, for the minds of men are so differently affected by the same degrees of interest that it has been found impossible to draw a satisfactory line."

Petitioner urges that the interest disclosed was not such as to disqualify the judge. The brief of counsel exhibits great industry in bringing to our attention the adjudicated cases bearing upon the question. But they fail to convince us of the soundness of his position. The meaning of the word "interested," where it occurs in section 170, *supra,* was defined in *Oakland v. Oakland Water etc. Co.,* 118 Cal. 249. It was there said: "The word 'interested,' as used in the section of the code relied on, embraces only an interest that is direct, proximate, substantial, and certain, and does not embrace such a remote, indirect, contingent, uncertain, and shadowy interest as that asserted as a disqualification in the case at bar." The interest re-

lied on in that case was that "all of the judges were disqualified, because they were owners of property subject to taxation by the city of Oakland and therefore 'interested' in the result of the action." The court said: "The theory of the appellant is that if respondent should recover the land sued for it might be so used as to produce some municipal revenue, and thus affect to some extent the rate of taxation, as a consequence of which the taxes which the said judges would have to pay on their property might to some imaginable extent be lessened—and that thus they are interested and disqualified." The meaning of the word "interested" as given above must be understood in the light of the facts in the case where the definition is found. But that definition cannot aid petitioner, for we think the interest here in question was neither remote, indirect, contingent, uncertain nor shadowy. (See, also, *North Bloomfield G. M. Co. v. Keyser,* 58 Cal. 315, and *Heilbron v. Campbell,* 23 Pac. Rep. 122 (not reported.) See, also, *Meyer v. City of San Diego et al, ante,* p. 102, where the question is very fully considered and the cases reviewed.)

Petitioner cites cases where the interest arose out of the question involved as distinct from any pecuniary interest in the result of the case; others where a part of a penalty went to a city in which the judge was a taxpayer; others where the interest was of such impersonal nature as a citizen has in the property of the state at large; others where there was some speculative possibility, and like cases. But of the numerous cases cited we have been unable to find one where a judge, holding the shares of a banking or other corporation, or being a partner in a business, was held qualified to try a case involving the right of such corporation or partnership to its property.

It was held by Chancellor Sanford in *Washington Ins. Co. v. Price,* 1 Hopk. Ch. 1, that a chancellor being a stockholder in a corporation cannot do any judicial act in a cause in which that corporation is a party, although he is not personally a party to the record.

We can see no substantial difference in the case of a judge who is a stockholder in a corporation sitting in a case brought by or against such corporation, and a case where the matter in controversy involves the property of such corporation although it is not a party to the action.

2. Petitioner contends that because the judge sat throughout the trial with the consent and at the request of counsel—and he himself believed he was not disqualified—and because he has, since the cause was submitted, and pending a decision, disposed of his stock in the Modesto bank, he is not now disqualified. We do not think that the belief of the judge one way or the other would change the fact of his disqualification. He might honestly believe and hold that he was qualified, but that would not qualify him any more than he could acquire jurisdiction by deciding that he had it. Nor do we think that removing the cause of his disqualification after the case was submitted to him for decision would operate to remove the qualification. The code says if he is interested no "justice, judge, etc. . . . . . shall sit or act as such." This does not mean that he may hear the evidence in a case in which he is interested and may decide it, after sitting and acting in it, provided he remove the cause of disqualification before he enters judgment. As we all know, the decision of questions arising during the course of the trial often determines the final judgment itself. The statute must be held to mean what it says, and it is that he shall not sit or act as judge in an action in which he is interested.

We are of opinion that the writ should be denied, and so recommend.

Belcher, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the writ is denied.          Garoutte, J.,   Van Fleet, J.,   Harrison, J.  Henshaw, J.,   McFarland, J.

Rehearing denied.