PHILIP S. ARONSON *vs.* SAMUEL NURENBERG & another.

Suffolk. May 18, 1914. — June 17, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Practice, Civil,* Amendment, Exceptions. *Bills and Notes,* Indorsement. *Contract,* In writing.

The denial in an action at law of a motion by the defendant to amend his answer is wholly within the discretionary power of the presiding judge and is not open to exception.

In an action by a holder in due course of a negotiable promissory note indorsed by the payee in blank, against such payee as indorser, it is no defense that "before and at the time of the indorsement, it was agreed, orally, that said indorsement was to be without recourse to him."

CONTRACT against the maker and indorsers of a negotiable promissory note of one Ettel Nurenberg for $1,583.35, payable in quarterly instalments of $50 to Max Sokolowitz and indorsed by Harvey Nurenberg and Samuel Nurenberg and by Max Sokolowitz in blank. Writ in the Municipal Court of the City of Boston dated August 31, 1912.

On appeal to the Superior Court the case was tried before *White,* J. The defendant Sokolowitz moved to amend his answer by alleging "that prior to the indorsement of the note in question in this suit the plaintiff and defendant mutually agreed that the defendant indorse the same without recourse to him in any event, that said indorsement upon said note was obtained

by the plaintiff through false and fraudulent representations." The motion was denied. The bill of exceptions recites:

"Signatures of the maker and indorsers of said note having been admitted, the plaintiff offered in evidence said note and certificates of protest and rested.

"The defendant offered evidence tending to show the defendant, Max Sokolowitz, indorsed said note, but before and at the time of the indorsement, it was agreed, orally, that said indorsement was to be without recourse to him."

The defendant Sokolowitz offered no further evidence and the judge ordered a verdict for the plaintiff in the sum of $407.24. The defendant Sokolowitz alleged exceptions.

The case was submitted on briefs.

*H. I. Morrison,* for the defendant Sokolowitz.

*M. L. Lourie, J. H. Blanchard & H. C. Blanchard,* for the plaintiff.

CROSBY, J.    1. The denial of the motion to amend the defendant's answer was wholly within the discretion of the presiding judge, and is not open to exception. *Lang* v. *Bunker,* 6 Allen, 61. *Smith* v. *Whiting,* 100 Mass. 122.

2. If the amendment had been allowed the evidence offered did not set up a legal defense to the note. When the defendant Sokolowitz, who will hereinafter be called the defendant, placed his signature upon the back of the note without qualification he became an indorser. R. L. c. 73, § 80. If the defendant's only intention was to indorse the note for the purpose of transferring title to the plaintiff, without incurring any personal liability, he could have accomplished that purpose by adding to his signature the words "without recourse," or any words of similar import. R. L. c. 73, § 55. Having indorsed the note without qualification he became liable to the plaintiff for the amount due thereon. Evidence of an oral agreement that at the time the defendant indorsed the note such indorsement was to be without recourse as to him was rightly excluded. Such evidence would tend to vary and control a written instrument absolute in its terms by parol, and was clearly incompetent. *Wooley* v. *Cobb,* 165 Mass. 503. *Essex Co.* v. *Edmands,* 12 Gray, 273, 279. *Wright* v. *Morse,* 9 Gray, 337, 339. *Prescott Bank* v. *Caverly,* 7 Gray, 217. This conclusion is not at variance with *Lewis* v. *Monahan,*

173 Mass. 122, and *Shea* v. *Vahey*, 215 Mass. 80, relied on by the defendant. There is no question that indorsers upon a note may make among themselves a valid agreement that the liability of either shall be different from that which the law otherwise would impose, but that principle has no application to this case.

*Exceptions overruled.*