[Civ. No. 2714.  Third Appellate District.—October 24, 1923.]

## A. H. QUATMAN et al., Petitioners, v. SUPERIOR COURT OF GLENN COUNTY, Respondent.

[1] DISQUALIFICATION OF JUDGES—INTEREST IN ACTION—CHARACTER OF —SUBDIVISION 1, SECTION 170, CODE OF CIVIL PROCEDURE.—In order to disqualify a judge under subdivision 1 of section 170 of the Code of Civil Procedure because of interest in the action, the interest of the judge must be a pecuniary one, either direct or indirect, or the interest must be a person or property interest, an interest in the event of suit, in the judgment which may be rendered and not a mere sentimental interest.

[2] PROMISSORY NOTES—INDORSEMENT—ORAL EVIDENCE.—In the case of a blank indorsement or an indorsement without limitation, qualification, or restriction, oral testimony is inadmissible to show any agreement between the indorser and the indorsee of a promissory note, that the note was to pass without recourse; the effect of such evidence would be to controvert the unambiguous terms of the contract as evidenced by the written indorsement.,

[3] DISQUALIFICATION OF JUDGES—OWNERSHIP BY JUDGE OF NOTE AND ACCOUNT AGAINST PARTY—INDORSEMENT OF NOTE WITHOUT RECOURSE—ASSIGNMENT OF ACCOUNT—EFFECT OF.—A judge of the superior court is disqualified from presiding in an action where, at the time of the beginning of the action, he held a promissory note executed and delivered to him by, and an account against, the defendant therein; and such disqualification is not removed by the indorsement of the note "without recourse" and assignment of the account during the proceedings.

[4] PROMISSORY NOTES—INDORSEMENT "WITHOUT RECOURSE"—LIABILITY OF INDORSER.—It does not follow that one who exempts him-

---

1. Interest as disqualifying judge, note, **Ann. Cas.** 1917A, 1068.

self from liability as an indorser by using the expression "without recourse" or its equivalent stands free from all obligation in respect to the indorsement. His undertaking, notwithstanding the qualified indorsement, may be a substantial one, for he divests himself of none of the liabilities of the vendor of the paper.

[5] ID. — WARRANTIES BY INDORSER. — An indorsement "without recourse" still leaves the indorser liable as a vendor, with the following warranties that the instrument is genuine and in all respects what it purports to be; that the indorser has a good title to it; that all prior parties had capacity to contract; and that the indorser has no knowledge of any fact which would impair the validity of the instrument or render it valueless; and under such an indorsement the party is not relieved from liability in case the instrument or any of the signatures or indorsements thereon are not genuine or that the indorser is not the rightful and legal holder thereof.

[6] DISQUALIFICATION OF JUDGES—REMEDIES—PROHIBITION—RECEIVERS. Where a judge is disqualified to act in any proceeding or cause the disability necessarily enters into all orders and decisions made by him other than those specially excepted and provided for in the codes, and to refuse the writ of prohibition on the ground that a remedy might be had in another manner would be to permit the trial to proceed to a final conclusion by the disqualified judge and then set aside the proceedings as void *ab initio;* and where a receiver has been appointed to take charge of property such a course would not be either speedy or adequate but would in all probability lead to an entire dissipation or at least material loss of property.

PROCEEDING in Prohibition to prevent a judge of the Superior Court from further proceeding in a certain action. Writ granted.

The facts are stated in the opinion of the court.

Joseph E. Bien for Petitioners.

Arthur C. Huston for Respondent.

Ware & Ware, *Amici Curiae.*

PLUMMER, J.—By this proceeding petitioners seek a writ of prohibition restraining respondent, Honorable Claude F. Purkitt, from further proceeding in a certain action heretofore begun and now pending in Glenn County, entitled

H. J. Barceloux, Plaintiff, v. Sacramento Valley Realty Company, a Corporation, Respondent (action No. 3454), on the alleged grounds that the respondent was at the time of the beginning of the said action and ever since has been and now is disqualified to act therein.

It appears from the petition that on or about the eleventh day of April, 1923, an action was begun by the said Barceloux against the Sacramento Valley Realty Company, a corporation, praying for the appointment of a receiver and for other appropriate relief. That at the time of the filing of the complaint by the said Barceloux the respondent made an order to show cause returnable on the twenty-first day of April, 1923, directed to defendant, Sacramento Valley Realty Company, commanding it to be and appear on said twenty-first day of April, 1923, to show cause why a receiver should not be appointed and at the same time issued a temporary restraining order prohibiting the Sacramento Valley Realty Company from mortgaging or otherwise disposing of any of its personal property. On the twenty-first day of April, 1923, the hearing of the order to show cause was continued until the twenty-eighth day of April, when a hearing was had and a receiver thereafter appointed.

At the time of the beginning of the action by Barceloux against the Sacramento Valley Realty Company, the respondent Purkitt was the owner and holder of a promissory note, dated June 6, 1920, for the sum of $301.60, made, executed, and delivered to him by the Sacramento Valley Realty Company payable sixty days after date, and also was the owner and holder of an account against said Sacramento Valley Realty Company in the sum of $27.35.

On the twenty-sixth day of April, 1923, as admitted by the proceedings, for the sole purpose of removing any disqualification of the judge, owing to his being a creditor of the corporation, if in fact such disqualification existed, the plaintiff Barceloux caused one Leo A. Mitchell to purchase the said promissory note and account from the respondent Purkitt, the plaintiff Barceloux furnishing the money with which to make such purchase. Thereupon the respondent indorsed said promissory note in the following words: "pay to Leo A. Mitchell or order, signed Claude F. Purkitt," and at the same time assigned and transferred to the said Mitchell all his interest in the account hereinbefore referred to. There-

after and on or about the fourth day of September, 1923, and three days before the hearing of the petition for the writ of prohibition herein in this court, there was added to the indorsement on the promissory note the additional words "without recourse."

Upon this state of the facts it is insisted by the petitioners that the respondent is disqualified under the provisions of subdivision 1 of section 170 of the Code of Civil Procedure, for the reason that the respondent at all times during the proceedings had and taken in the case of *Barceloux* v. *Sacramento Valley Realty Co.* was a party interested, in that at the time of the filing of the complaint and issuance of the temporary restraining order and order to show cause he was a creditor of the defendant in the action begun by the plaintiff Barceloux, and that he was an indorser on the note issued by the Sacramento Valley Realty Company and liable as such until on or about the fourth day of September, when the words "without recourse" were added to the indorsement of the promissory note theretofore indorsed by the said respondent; and that under the law his liability on said note is still such as to constitute him a party in interest.

[1] The law is well settled that in order to disqualify a judge under the first subdivision of section 170 of the Code of Civil Procedure, the interest must be a pecuniary one, either direct or indirect, or as said in the case of *Lassen Irr. Co.* v. *Superior Court*, 151 Cal. 357 [90 Pac. 709], "the interest which will disqualify a judge under the provisions of this section is a personal or property interest, an interest in the event of the suit, in the judgment which may be rendered and not a mere sentimental interest."

It is insisted by counsel for respondent that no disqualification ever existed and that if any disqualification ever did exist the indorsement of the note and assignment of the account held by the learned judge against the Sacramento Valley Realty Company removed the same.

That such disqualification, save and except as to the formal matters of procedure specified in section 170 of the Code of Civil Procedure, existed on the part of respondent at the time of the beginning of the action by *Barceloux* v. *Sacramento Valley Realty Co.*, of which company the respondent was then and there a creditor, scarcely appears to be a debatable question. In the case of *Adams* v. *Minor*,

121 Cal. 372 [53 Pac. 815], an action was pending involving the value of certain bonds issued by the irrigation district. Some of these bonds were held by a bank in which the Honorable Wm. O. Minor, judge of the superior court of Stanislaus County, was a stockholder. The court held the judge was disqualified irrespective of the pecuniary value of the stock held by him and also further held that a disposal of the stock after he had heard the evidence did not remove the disqualification so as to qualify him to render judgment therein. In the case of *Regents of University of California* v. *Turner,* 159 Cal. 541 [Ann. Cas. 1912C, 1162, 114 Pac. 842], it is pointed out that section 170 of the Code of Civil Procedure disqualifies a judge from acting in all cases where he is a creditor of one of the parties to the action save and except as that disqualification is limited and held not to apply to certain probate proceedings under section 1495 of the Code of Civil Procedure. Thus in all other cases except those specially provided for, the existence of the relation of debtor or creditor to one of the parties in the action necessarily disqualified any judge occupying such relation. To the same effect is the case of *Johnson* v. *German American Ins. Co.,* 150 Cal. 336 [88 Pac. 985].

Several cases have been called to the attention of the court where the disqualification has been removed after the beginning of the action and thereafter the disqualification was held to no longer exist. It does not appear, however, in the cases cited that the courts are governed and controlled by the same statutory provisions as exist in this state. It does appear, however, in some of the cases that the claim, account, or note held by the presiding judge against one of the parties and for which it was said to disqualify him from acting therein, had been actually paid and thus put out of existence and not merely transferred or assigned to other persons. In the case at bar the note and account are still in existence, the receiver appointed to take charge of the property is authorized to collect the assets of the company and discharge its indebtedness. Upon the conclusion of the receiver's duties it would be necessary for him to render an account to the court appointing him of all and singular the acts done and performed by him under such authorization which would necessarily include passing upon by the court of the two items hereinbefore referred to, to wit, the

note indorsed to Mitchell under the circumstances set out and also the account assigned to him. Whatever language may be used in describing the transaction, it nevertheless is true that it is the duty of the court to pass upon and determine the validity of every note, claim, or account paid by the receiver and in this manner the respondent would be called upon to pass upon the genuineness of the note and account formerly assigned and transferred by him.

Upon the hearing of this petition there was some evidence to the effect that at the time of the assignment of the account and indorsement of the note by the respondent to Mitchell, the respondent stated to Mitchell in substance to the effect "that this is your funeral and not mine." Though admitted without objection, such oral testimony is clearly inadmissible and cannot be given any weight as to modifying, qualifying, or limiting the obligation of the parties concerned. [2] The authorities are all to the effect that in the case of a blank indorsement or an indorsement without limitation, qualification, or restriction, oral testimony is inadmissible to show any agreement between the indorser and the indorsee of a promissory note, that the note was to pass without recourse; the effect of such evidence would be to controvert the unambiguous terms of the contract as evidenced by the written indorsement. (*Aronson v. Nurenberg*, 218 Mass. 376 [105 N. E. 1056] ; *Security Nat. Bank v. Pulver*, 131 Minn. 454 [155 N. W. 641]. Also cases cited in notes 25 and 26 of sec. 3119, Civ. Code, Kerr's Cyc. Codes.)

[3] Irrespective of whether such testimony is admissible, did the adding of the words "without recourse" in the indorsement on the promissory note referred to on the fourth day of September, 1923, remove the disqualification of the Honorable Claude F. Purkitt to further proceed in the case of *Barceloux v. Sacramento Valley Realty Co.?* We think not. [4] The authorities are practically unanimous to the effect that it does not follow that one who exempts himself from liability as an indorser by using the expression "without recourse" or its equivalent stands free from all obligation in respect to the indorsement. His undertaking, notwithstanding the qualified indorsement, may be a substantial one, for it seems clear that he divests himself of none of the liabilities of the vendor of the paper. [5] In other words,

"an indorsement 'without recourse' still leaves the indorser liable as a vendor, with the following warranties that the instrument is genuine and in all respects what it purports to be; that the indorser has a good title to it; that all prior parties had capacity to contract; and that the indorser has no knowledge of any fact which would impair the validity of the instrument or render it valueless; and under such an indorsement the party is not relieved from liability in case the instrument or any of the signatures or indorsements thereon are not genuine or that the indorser is not the rightful and legal holder thereof." In other words, one who makes an indorsement of a promissory note "without recourse" still stands sponsor for the integrity and validity of the instrument indorsed by him and is pecuniarily responsible for any loss occurring to a subsequent holder by reason of any such defect in the indorsed instrument. The cases are so numerous to this effect that citation is unnecessary. They are, however, collated in a note to the case of *Bank of Sampson* v. *Hatcher,* 134 Am. St. Rep., beginning at page 995.

It is further insisted on the part of respondent that the writ of prohibition should not issue herein for the reason that other remedies exist. Such remedies, however, do not appear to the court to be speedy or adequate. **[6]** Where a judge is disqualified to act in any proceeding or cause the disability necessarily enters into all orders and decisions made by him other than those specially excepted and provided for in the codes, and to refuse the writ on the ground that a remedy might be had in another manner would be to permit the trial to proceed to a final conclusion by the disqualified judge and then set aside the proceedings as void *ab initio.* Where a receiver has been appointed to take charge of property such a course would not be either speedy or adequate but would in all probability lead to an entire dissipation or at least material loss of property. The cases of *Lindsay-Strathmore Irr. Dist.* v. *Superior Court of Tulare County,* 182 Cal. 315 [187 Pac. 1056], and *Consolidated Adjustment Co. of California* v. *Superior Court of the County of Sonoma,* 189 Cal. 92 [207 Pac. 552], appear to be conclusive answers to this contention. In both those cases the writ was granted, irrespective of the fact that the same ends might have been accomplished by the long and tedious course

of appeal.  In the Strathmore case the same question was presented as is presented here, to wit, the disqualification of the trial judge, and it was there held that the interests of the judge rendered him disqualified, even though that pecuniary interest was small.  In that case, as in this, it is not a question of whether the learned trial judge would or would not act impartially.  A legal question only is presented.  For the reasons given we think the Honorable Claude F. Purkitt was, during all the times mentioned herein, disqualified and is still disqualified to hear and determine any matters in the case of *Barceloux* v. *Sacramento Valley Realty Co.*, and this irrespective of whether under the case of *Adams* v. *Minor, supra,* it is possible in this state to remove a disqualification.  In other words, we do not express any opinion as to whether the Adams case renders the removal of the disqualification after the beginning of an action insufficient to permit a once disqualified judge to thereafter act.  It is hereby ordered that the writ of prohibition as prayed for against the Honorable Claude F. Purkitt be, and the same is, hereby granted.

Finch, P. J., and Hart, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1923.