[L. A. No. 8699.  In Bank.—March 31, 1926.]

MAUDE HALL, Petitioner, v. THE SUPERIOR COURT OF THE COUNTY OF IMPERIAL et al., Respondents.

[1] DISQUALIFICATION OF JUDGES — INTEREST IN ACTION — EVIDENCE — PLEADING — EXTRINSIC FACTS. — The interest which disqualifies a judge from acting judicially in an action under section 170, subdivision 1, of the Code of Civil Procedure must be a certain, definable, pecuniary, or proprietary interest which will be directly affected by the judgment rendered; and it is not essential that the disqualification be manifest upon the face of the complaint, but it is sufficient if the disqualifying interest is disclosed by the facts alleged in the complaint in conjunction with extrinsic facts

1.  See 14 Cal. Jur. 809; 15 R. C. L. 528.

shown in support of a writ of prohibition to restrain the judge from participating in the action.

[2] ID.—INABILITY TO BECOME PARTY—OWNERSHIP OF STOCK IN INTERESTED CORPORATION.—A judge may be disqualified by reason of his interest in the subject matter where, because of the form of the particular action or the kind of relief asked, he would be unable to become a party to such action, if he so desired; and a judge is disqualified if he is a stockholder in a corporation where the corporation is interested in the property involved in the controversy, although he is not a formal party to the action.

[3] ID.—ACTION AGAINST WATER COMPANY—ACQUISITION OF PROPERTY BY IRRIGATION DISTRICT.—Where, after the commencement of an action against a water company for damages caused to plaintiff's lands by the seepage of water from one of defendant's canals and for injunctive relief, but prior to the making of findings or the entry of judgment therein, a proprietary interest in said canal is acquired by an irrigation district, the judge before whom such action is pending, if he is the owner of property within such irrigation district, is disqualified from taking judicial part in the action, notwithstanding said district is not a party to the suit.

[4] ID.—PARTIES—KNOWLEDGE—ELECTION—ESTOPPEL TO OBJECT TO DISQUALIFICATION.—Where said irrigation district, although not then the owner of the canal in question, was using said canal at the time of the commencement of the action, but such use was not known to plaintiff and, therefore, she did not make said irrigation district a party to the action, her election to proceed against the water company alone did not estop her from subsequently raising the objection to the disqualification of the trial judge, based upon his ownership of property within the irrigation district, when she acquired knowledge of the interest of the irrigation district in said canal.

[5] ID.—LAND OWNERS IN IRRIGATION DISTRICT—PROPRIETARY INTEREST IN PROPERTY.—While not occupying the precise status of stockholders in a corporation, land owners, as members of an irrigation district, sustain such a relation to the district as to give them a proprietary interest in the district's property.

[6] ID.—OWNERSHIP OF PROPERTY BY JUDGE—INTEREST IN ACTION—OVERRULING OF OBJECTION.—Where an action for damages and for injunctive relief based upon the seepage of water from a given canal directly affects an irrigation district that has become the owner of said canal, and the judge before whom the action is pending, as the owner of property within said district, is one of the equitable owners of the property of said district and, therefore, has a direct, proprietary interest in the property involved in the action, he is disqualified from acting judicially therein, and

2. See 14 Cal. Jur. 811; 15 R. C. L. 529.

his action in overruling plaintiff's objection to his sitting or acting further in the case is void and without effect in law.

[7] ID.—OWNERSHIP OF PROPERTY IN IRRIGATION DISTRICT.—An irrigation district, although not specifically designated in section 170, subdivision 5, of the Code of Civil Procedure, is a public agency of a kindred character to those particularly mentioned therein and was one of the "public agencies" contemplated by said code section; and, therefore, prior to the elimination of said subdivision in 1925, a judge was disqualified from acting judicially in an action directly affecting the property of an irrigation district in which he owned property.

[8] ID.—OFFER OF AMENDED COMPLAINT—DISQUALIFICATION OF JUDGE—REFUSAL TO PERMIT AMENDMENT.—Plaintiff's offer of an amended and supplemental complaint, seeking in good faith to make the irrigation district a formal party to the action after she acquired knowledge of its interest in the canal from which the seepage waters came, was sufficient in and of itself to disqualify the judge who owned property within said district from further judicial participation in the cause; and such disqualification was not dissipated by his refusal to permit such pleading to be filed.

[9] ID.—INJUNCTIVE RELIEF—PARTIES.—Plaintiff's action having been for injunctive relief abating the use and operation of the canal in such manner as to cause the water therein to seep upon plaintiff's lands, as well as for damages for past seepage, the irrigation district which acquired said canal during the pendency of plaintiff's action was a necessary party, that plaintiff might acquire full injunctive relief.

[10] ID.—PROHIBITION — STAY OF FURTHER ACTION — ANNULMENT OF PRIOR PROCEEDINGS—COMPLETE REMEDY.—Where further action is threatened to be taken by a disqualified judge, the appellate court, on application for prohibition, will not only stay further action but will also annul such prior proceedings as may be necessary to make the remedy complete and afford the petitioner complete relief.

[11] ID.—PROHIBITION—APPEAL.—A writ of prohibition will lie to restrain a disqualified judge from acting judicially in an action pending before him, notwithstanding the aggrieved party has a remedy by appeal.

---

(1) 33 **C. J.**, p. 994, n. 87; p. 1017, n. 43.     (2) 33 **C. J.**, p. 995, n. 16.     (3) 33 **C. J.**, p. 996, n 43.     (4) 33 **C. J.**, p. 1014, n. 51.     (5) 40 **Cyc.**, p. 817, n. 83.     (6) 33 **C. J.**, p. 995, n. 11.     (7) 33 **C. J.**, p. 989, n. 99.     (8) 33 **C. J.**, p. 998, n. 18 New.     (9) 32 **C. J.**, p. 296, n. 31.     (10) 32 **Cyc.**, p. 607, n. 47.     (11) 32 **Cyc.**, p. 617, n. 17.

5.  See 26 **Cal. Jur.** 409.
7.  See 26 **Cal. Jur.** 346; 15 **R. C. L.** 495.
11. See 14 **Cal. Jur.** 833.

PROCEEDING in Prohibition to prevent the judges of the Superior Court of Imperial County from further participation in an action pending in said court. Writ issued.

The facts are stated in the opinion of the court.

Jesse George for Petitioner.

Leon R. Yankwich, Luther G. Brown, J. Stewart Ross, R. B. Whitelaw and C. L. Brown for Respondents.

LENNON, J.—This proceeding in prohibition was instituted to restrain the judges of the superior court in and for the county of Imperial from further participating in an action pending in said court. The writ is sought upon the ground that the said judges are disqualified under the provisions of subdivision 1 of section 170 of the Code of Civil Procedure to sit or act in said action by virtue of their alleged interest in the subject matter of said action and are further disqualified by virtue of the provisions of subdivision 5 of section 170 of the Code of Civil Procedure as it existed at the time the action was instituted and the proceedings in controversy here heard and determined.

The facts set forth in the petition for the writ of prohibition are these: The petitioner herein commenced an action on May 10, 1917, in the superior court of Imperial County against "Imperial Water Company No. 7," a corporation, for the purpose of recovering the sum of $12,610 for damages, alleged to have been done to petitioner's land by the seepage of water from one of the canals of said Water Company upon the land of the petitioner, and for injunctive relief abating the use and operation of said canal in such a manner as to cause the water therein to seep upon the petitioner's land. A trial of the cause was had before Judge Cole, one of the respondent judges, who, subsequent to a trial of said case, rendered a decision directing a judgment in favor of the defendants. Only a minute entry of this judgment was made. Subsequent thereto, in August, 1923, upon motion by the attorney for the petitioner, plaintiff in said action, the court set aside said minute entry and decision, but refused the request to permit additional testimony to be introduced. On August

19, 1923, said judge, sitting in said court, granted the petitioner, plaintiff therein, damages in the sum of $300, but denied all injunctive relief. No findings and judgment have ever been made and entered in said action. In November, 1922, the Imperial Irrigation District, a public corporation, purchased all of the property of the said Water Company, including the said canal from which water seeped upon and damaged the petitioner's land. Since the purchase of the said canal, the Irrigation District has operated, and still continues to operate, it in such a manner as to cause water to continue to seep therefrom and upon petitioner's land, so that the said canal continues to be a nuisance. Unknown to the petitioner, whose lands were not within the Imperial Irrigation District at the time she commenced said action and at the time of the trial thereof, the said Irrigation District was the party who diverted the water from its natural course in the Colorado River, and caused it to be carried through the canals of the said Water Company. Petitioner was also ignorant at this time of the fact that the respondent judges of the superior court in Imperial County were land owners in said Irrigation District. It was not until July, 1924, that the petitioner became aware of these facts concerning the interest of the said Irrigation District in the said canal and the interest of the respondent judges in the Irrigation District. Upon the discovery of these facts and prior to findings made or entry of judgment in the action commenced against the ''Imperial Water Company No. 7,'' the petitioner, plaintiff in said action, filed an objection to respondent judges sitting or acting further in said action, upon the ground that they were and are interested therein and moved to be permitted to file an amended and supplemental complaint making the said Imperial Irrigation District a party defendant in said action. The objection to said judges was supported by proper affidavits showing their ownership of land within the Irrigation District. One of the alleged disqualified judges, Judge Cole, overruled the objections of petitioner to himself and the other judge of the superior court of Imperial County, and denied the motion to file the amended and supplemental complaint making the said Irrigation District a party to the action. Thereupon and prior to any findings made or judgment entered in said action, the peti-

tioner presented her petition for the writ of prohibition to the district court of appeal, second appellate district, division two, to prevent said judges from making findings and entering judgment therein, as it is alleged they threatened to do.

The present proceeding was instituted in conjunction with two similar proceedings directed against two other water companies—Water Companies No. 3 and No. 5. As the time within which the motion for a new trial might have been made in these cases had expired by operation of law and as there were no proceedings pending in those two cases to which a writ of prohibition could be directed, no hearing by this court was asked in those cases and the judgment therein is now final. We are confined, therefore, to the case against Water Company No. 7, in which action a decision has been made, but no findings made or judgment entered, and, consequently, there are proceedings in that case to which a writ of prohibition—if it be deemed that a writ should issue—could be directed.

Petitioner charges that the respondent judges of the superior court in Imperial County are disqualified to sit or act in the action pending therein by virtue of the provisions of section 170, subdivision 1, of the Code of Civil Procedure, for interest in said action growing out of their ownership of land within the confines of said Imperial Irrigation District. Respondents insist, on the other hand, that the Irrigation District not being a party to the action and the action not relating to its property, the ownership of land in the Irrigation District by the respondent judges does not create grounds for their disqualification. In other words, the respondents declare that a superior court judge, who is a land owner in an irrigation district, may sit and act in a case directly affecting the property owned by such district unless or until such district is made a party to the action. In this behalf it is argued that there is not before the court a party in whose welfare or in whose property the respondent judges have an interest, and, in the absence thereof, their disqualification cannot be raised. The case of *San Diego* v. *Andrews,* 195 Cal. 111 [231 Pac. 726], relied upon by respondents in support of this proposition is not in point. That case involved the disqualification of the trial judge under subdivision 5 of section 170 of the Code of Civil Pro-

cedure.  The question of whether or not a judge was dis-
qualified under subdivision 1 of said section was not raised.
The rule therein announced must be restricted to cases in-
volving subdivision 5 of section 170 of the Code of Civil
Procedure.  The fallacy of respondents' argument in this
behalf lies in its assumption that the action does not relate
to the property in which the Irrigation District is an inter-
ested party.  Predicated primarily upon the facts existent
at the commencement of the action, the argument ignores
the change wrought in the interest of the Irrigation Dis-
trict in the property involved in the litigation, i. e., the
complained of canal, by its purchase of the same prior to the
making of any findings and entry of judgment in the ac-
tion.  Thus we are confronted with the question of whether
or not a judge may be disqualified because of interest in
the result of the litigation, even though that interest may
not appear upon the face of the proceedings and although
the subject matter of the judge's interest may not be for-
mally involved in the controversy.

[1]  The interest which disqualifies a judge from acting
judicially in an action under section 170, subdivision 1, of
the Code of Civil Procedure, must be a certain, definable,
pecuniary, or proprietary interest which will be directly
affected by the judgment rendered (*Adams* v. *Minor,* 121
Cal. 372 [53 Pac. 815]; *Meyer* v. *San Diego,* 121 Cal. 102
[66 Am. St. Rep. 22, 41 L. R. A. 762, 53 Pac. 434]; *North
Bloomfield etc. Co.* v. *Keyser,* 58 Cal. 315; *Heilbron* v.
*Campbell,* 3 Cal. Unrep. 204 [23 Pac. 122]; *Quatman* v.
*Superior Court,* 64 Cal. App. 203 [221 Pac. 666]; *Lindsay-
Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187
Pac. 1056]).  It is not essential that the disqualification
be manifest upon the face of the complaint.  It is suffi-
cient if the disqualifying interest is disclosed by the facts
alleged in the complaint in conjunction with extrinsic facts
shown in support of the petition for prohibition (*Lindsay-
Strathmore Irr. Dist.* v. *Superior Court, supra*).  [2]
"The judge may be disqualified by reason of his interest
in the subject matter where, because of the form of the par-
ticular action or the kind of relief asked, he would be unable
to become a party to such action, if he so desired."  (*Lind-
say-Strathmore Irr. Dist.* v. *Superior Court, supra.*)  And a
judge is disqualified if he is a stockholder in a corporation

where the corporation is interested in the property involved in the controversy, although not a formal party to the action (*Adams* v. *Minor, supra*).

In *Adams* v. *Minor, supra,* the action involved the validity of certain bonds issued by an irrigation district. The Bank of Modesto held a portion of these bonds. The judge before whom the case was tried owned some shares of capital stock in said bank. The parties to the action were Adams, Stoddard, and certain others, as plaintiffs, and the collector of the Modesto Irrigation District as defendant. The First National Bank of Los Angeles was an intervener in the action. It did not appear that the Bank of Modesto, in which the respondent judge was a stockholder, and which held certain of the disputed bonds of the irrigation district, was a party to the action. The question involved was whether or not the judge was disqualified by reason of his interest by virtue of being a stockholder in the Modesto Bank from trying the action. The court held that the said judge was disqualified from sitting or acting in the case, and the mere fact that subsequent to the submission of the cause and pending decision the judge disposed of his stock in the said bank did not remove the disqualification. The following language constitutes the basis of the court's decision:

"It was held by Chancellor Sanford in *Washington Ins. Co.* v. *Price,* 1 Hopk. Ch. (N. Y.) 1, that a chancellor being a stockholder in a corporation cannot do any judicial act in a cause in which that corporation is a party, although he is not personally a party to the record.

"We can see no substantial difference in the case of a judge who is a stockholder in a corporation sitting in a cause brought by or against such corporation, and a case where the matter in controversy involves the property of such corporation, although it is not a party to the action."

[3] The rule enunciated in that case governs and controls us in the determination of the question presented in the case at bar. It seems obvious that the disqualification of the respondent judges does not depend, as respondents contend, upon the Irrigation District being a party to the action, but rather upon the interest of the Irrigation District in the property involved in the action, and the interest of the respondent judges in the Irrigation District as

land owners therein. Although the Irrigation District was not a party to the action, yet that was not essential under the rule of *Adams* v. *Minor, supra,* for the action involves property in which the Irrigation District was interested and as owners of such property of the Irrigation District the respondent judges had an interest therein. It was unnecessary, therefore, for the Irrigation District to be made a party to the suit, but merely to make it appear that the property in which it had a proprietary interest be involved therein. For if the Irrigation District is interested in the property in controversy and the respondent judges are interested in the Irrigation District and will be pecuniarily affected by the determination of the case, they must be held to come within the purview of the rule enunciated in the case of *Adams* v. *Minor, supra,* and are disqualified from taking judicial part in the action.

The Imperial Irrigation District is a public corporation. It is the owner of numerous canals, rights of way, and other easements within Imperial County. Having purchased the properties of the Imperial Water Company, including the canal complained of, said Irrigation District became interested in the outcome of the action, seeking, among other things, the abatement of said canal. It is patent that the granting or the denial of a decree, subsequent to said purchase by said Irrigation District, would necessarily affect said Irrigation District. If the relief prayed for in the action against the Water Company is awarded, the canal, which is the property of said Irrigation District, cannot be used until it is put into such shape that water will not seep therefrom upon the petitioner's land. This will necessarily entail an expenditure of money—the amount not being material—by the said District. If the relief is denied the Irrigation District will not be compelled to expend any money in the conditioning of said canal. If the relief prayed for is granted and the Irrigation District discontinues the use of the canal, the said District will be pecuniarily affected by the same, for the said canal is now used to divert some ten thousand acre-feet of water per annum and the closing of the canal would materially diminish the supply of water available for use within said District. Thus it is palpable that a judgment and decree in said action, now pending in the superior court in Impe-

rial County before one of the respondent judges, would directly affect the said Irrigation District. At all events, it would limit and control the use of the canal.

[4] Respondents contend, however, that petitioner elected to proceed against the Water Company, who it is conceded is a cotort-feasor, without joining the Irrigation District, and having done so she cannot now complain because she neglected to make the District a party and ask that a writ of prohibition be issued. This contention overlooks the fact alleged under oath in the petition for the writ of prohibition, and which is not controverted, that the petitioner had no knowledge of the facts concerning the responsibility of the Irrigation District for the diversion of the water nor of the ownership by said District of the canal, of which complaint is made. Moreover, if the Irrigation District is interested in the cause by virtue of its ownership of property which will be affected by a judgment therein, the objection made on the ground of the disqualification of the respondent judges may be raised at any time (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra*). Respondents insist, however, that the denial of injunctive relief depended upon facts as they existed at the time of trial, upon facts which occurred prior to the assumption of ownership of the canal by the Irrigation District, and that the said District did not assume by the purchase of the Water Company's property the liabilities of said Water Company which arose prior to the purchase. It is therefore immaterial, it is argued, whether relief for the injury caused by the said canal be in the nature of damages or for equitable relief or both. While it may be conceded that the District did not assume liability for the damage caused by the canal prior to the purchase thereof, and conceding also that the Water Company was independently liable for the damages occasioned by the seepage from the said canal, yet the argument ignores the very salient fact that not only are damages sought in the action, but, in addition thereto, equitable relief in the nature of an injunction abating the said canal. The uncontroverted allegations in the petition for the writ are to the effect that the canal still continues to be a nuisance and continues to injure the petitioner's land by seepage of water therefrom. This being so, if injunctive relief is granted and the said canal is abated, the Irriga-

tion District would necessarily be affected thereby. The Irrigation District being an interested party in the property involved in the controversy, the question now arises as to the nature of the interest of the respondent judges in the Irrigation District. The interest of said judges as land owners within said District was such a direct, proprietary interest as to disqualify them from acting in an action involving the property of said District. [5] While not occupying the precise status of stockholders in a corporation, yet the land owners, as members of an irrigation district, sustain such a relation to the district as to give them a proprietary interest in the district's property. This relation is aptly pointed out in the case of *Merchants' Nat. Bank* v. *Escondido Irr. Dist.*, 144 Cal. 329, 334 [77 Pac. 937, 939], where the court distinguishes irrigation districts from ordinary municipal corporations in the following language: "But here, the corporation in question is distinguished from ordinary municipal corporations by the fact that 'the *legal title*,' only of the property of the corporation is vested in the district, 'in trust for the uses and purposes set forth in [the] act'; and that the beneficiaries of the trust—who, upon familiar equitable principles, are to be regarded as the owners of the property—are the land owners in the district with whose funds the property has been acquired (Civ. Code, sec. 853); and in whom, indeed, is vested by the express provisions of the statute, in each, the right to the several use of a definite proportion of the water of the district, and in all, in common, the equitable ownership of its water-rights, reservoirs, ditches, and property generally, as the means of supplying water. (Stats. 1887, pp. 34, 35, secs. 11, 13.) Such rights as these cannot be distinguished in any way from other private rights, . . . " [6] Thus it is patent that the respondent judges as the equitable owners of the property of the Irrigation District had a direct, proprietary interest in the property involved in the action and by virtue of this ownership were disqualified from acting judicially therein. It follows, then, that the action of the respondent judge in overruling the objection to their sitting or acting further in the cause was void and without effect in law (*People* v. *De La Guerra*, 24 Cal. 73; *Johnson* v. *German Am. Ins. Co.*, 150 Cal. 336 [88 Pac. 985]; *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra*).

Respondents advance the additional argument that the subject of the action is the past operation of the canal, the canal being merely the object through which the alleged injury was accomplished. This argument fails, however, to consider the fact that the relief requested is, among other things, the abatement of the canal as a nuisance, and the granting or the denial of the relief is a matter in which the respondent judges are directly interested.

[7] The trial judges were also disqualified to sit or act in said action by virtue of the provisions of subdivision 5 of section 170 of the Code of Civil Procedure as it existed at the time the action was instituted. Respondents insist that the Irrigation District not being a party to the action this code section is inapplicable to the instant case. The facts set out in the petition for the writ bring this case clearly within the purview of said code section, which provided: "In an action or proceeding brought in the superior court . . . by or against the reclamation board of the state of California, or any reclamation, levee, swamp land or drainage district, or any public agency, . . . affecting or relating to any real property or any easement or right of way, levee, embankment, canal, . . . the judge of the superior court of the county, . . . in which such real property, or any part thereof, or such easement or right of way, . . . canal or work, or any part thereof is situated, shall be disqualified to sit or act, and such action, if brought in the superior court, shall be heard and tried by some other judge of the superior court, requested to sit therein by the governor. . . ." There is an additional provision permitting parties, by stipulation in writing, to waive the disqualification. No such waiver appears in the instant case. An irrigation district, although not specifically designated in said code section, is a public agency of a kindred character to those particularly mentioned therein and is one of the "public agencies" contemplated by said code section. (*Lindsay-Strathmore Irr. Dist.* v. *Superior Court,* 182 Cal. 315 [187 Pac. 1056].)

[8] It is not disputed that the complained of canal is situate in Imperial County. The offer of an amended and supplemental complaint by the plaintiff, petitioner herein, in the action pending in said superior court of Imperial County, seeking in good faith to make the Imperial

Irrigation District a formal party to the action was, it seems to us, sufficient in and of itself to disqualify said judges. The mere filing of the original complaint making the Irrigation District a party would have disqualified them from further judicial participation in the cause. (*People* v. *De La Guerra,* 24 Cal. 73.) This being so, we think a like effect should be given to the presentation of an amended or supplemental complaint making the irrigation district a party to the action. A judge's disqualification is not dissipated by his refusal to permit pleadings to be .filed making him a party in good faith or by striking out such pleadings after they are filed. (*People* v. *De La Guerra,* 24 Cal. 73; *Younger* v. *Superior Court,* 136 Cal. 682 [69 Pac. 485].)

In *People* v. *De La Guerra, supra,* a change of venue was requested on the ground that the judge was disqualified. Instead of granting the request, the judge dismissed the action because he believed that under the pleadings there was nothing to try and that a change of venue was unnecessary. This court held the dismissal of the proceedings was void on the ground of the incompetency of the judge to act and that the refusal to change the place of trial was erroneous.

In *Younger* v. *Superior Court, supra,* the trial judge struck out the complaint and dismissed the action, although the complaint alleged his interest in the action and he was made a party thereto. In dismissing the action the judge stated, in effect, that the court was satisfied that the allegation was made "for the sole purpose of making said Lucas F. Smith a party defendant in said action in order to disqualify him as judge and to prevent him from acting therein as judge and for no other reason." On *certiorari,* this court held the action of the trial judge to be void and stated, among other things, that "where the judge is made a party, upon proper allegation, he cannot arbitrarily determine that he is not a proper party, nor that he is not interested."

[9] Although in the instant case the Imperial Irrigation District was not a formal party to the action, yet the motion to file an amended complaint making said Irrigation District a party, if granted, would have disqualified the respondent judges from sitting or acting in the case. The

198 Cal.—25

denial of this motion was tantamount to a dismissal of the action in so far as it affected the said district. It will be especially noted that at the time said motion was made the Irrigation District was the owner of the complained of canal and was operating it, as alleged, in such a manner that it continued to damage the petitioner's land. Thus, in order to grant full injunctive relief—if it were determined that such relief should be granted—the Irrigation District was a necessary party to the action.

The case of *San Diego* v. *Andrews*, 195 Cal. 111 [231 Pac. 726], cited by respondents to the effect that no disqualification arises until the irrigation district is made a party to the action, presents no barrier to our conclusion. In that case the original parties to the action entered into a stipulation waiving the disqualification of a judge. Thereafter an irrigation district and other parties intervened. The question of the effect of the stipulation upon the parties subsequently intervening arose. This court held that since, at the time the stipulation was entered into and filed, none of the public agencies mentioned in or contemplated by subdivision 5 of section 170 of the Code of Civil Procedure was a party to the action, the stipulation was a nullity and that the disqualification did not arise until the entrance into the case of the irrigation district as a party. The soundness of this conclusion is indubitable. In the instant case, however, the respondent judge refused to permit the Irrigation District to be made a party and thus in effect, in a manner of speaking, circumvented his own disqualification which would necessarily have arisen as soon as the Irrigation District became a party to the action.

It should be here noted, however, that subdivision 5 of section 170 of the Code of Civil Procedure was by the amendment of 1925 eliminated. (Stats. 1925, p. 18.) Having been eliminated, it follows that although the judges were disqualified under this subdivision of said section to participate in said action, they are not now disqualified. Were it not for the fact, therefore, that the judges, as previously indicated, are disqualified from sitting by virtue of the provisions of subdivision 1 of section 170 of the Code of Civil Procedure, we would be constrained to deny the writ sought.

[10] Respondents contend that the granting of the writ would involve a review of the ruling of the trial court on the motion to file the amended and supplemental complaint making the Irrigation District a party to the action and that such error—if it be error—cannot be reviewed and corrected in this proceeding. In this behalf, it is argued, that the writ of prohibition may not be employed for the purpose of reviewing errors of an inferior tribunal, as the purpose of the writ is to prevent threatened action and not to correct completed action. Conceding this to be the purpose of the writ of prohibition, yet the facts of the instant case come squarely within the scope of its purpose. The writ is not being sought primarily to correct errors of the trial court, but to prevent a threatened judicial action— the making or findings and the entry of judgment by a disqualified judge. Where further action is threatened to be taken by a disqualified judge, this court, on application for prohibition, will not only stay further action but ". . . it will also annul such prior proceedings as may be necessary to make the remedy complete. . . . When there is jurisdiction, the court will afford complete relief." (*Havermeyer* v. *Superior Court,* 84 Cal. 327, 394 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121].)

[11] It is insisted, however, that the petitioner has other remedies, i. e., by appeal, and that, therefore, the writ should not issue. This argument is not well taken. In the case of *Lindsay-Strathmore Irr. Dist.* v. *Superior Court, supra,* the writ was granted, although the same result could have been achieved by taking an appeal. In *Qualman* v. *Superior Court,* 64 Cal. App. 203 [221 Pac. 666], the same objection was raised as in the instant case and in answer thereto the court said: "Where a judge is disqualified to act in any proceeding or cause the disability necessarily enters into all orders and decisions made by him other than those specially excepted and provided for in the codes, and to refuse the writ on the ground that a remedy might be had in another manner would be to permit the trial to proceed to a final conclusion by the disqualified judge and then set aside the proceedings as void *ab initio.*" No good purpose could be served in permitting a disqualified judge to perform certain acts and thereafter declare them void on

the ground that he had no jurisdiction to perform the same.

The order of the respondent court denying the motion of the petitioner for leave to file an amended and supplemental complaint making the said Irrigation District a party to said action should be annulled on the ground that the respondent judge who denied said motion was disqualified to act thereon and the judges of the respondent court should be prohibited from acting on said motion on the ground of their disqualification under subdivision 1 of section 170 of the Code of Civil Procedure. Let the writ issue accordingly.

Waste, C. J., Curtis, J., Seawell, J., Richards, J., and Lawlor, J., concurred.